[Cite as *Ogolo v. Greater Cleveland Regional Transit Auth.*, 2013-Ohio-4921.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99675**

## PETER OGOLO

PLAINTIFF-APPELLANT

vs.

## GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-782057

**BEFORE:** Celebrezze, J., Stewart, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEY FOR APPELLANT**

Ronald A. Apelt
Apelt Law Firm, L.L.C.
20600 Chagrin Boulevard
Suite 400
Shaker Heights, Ohio   44122


**ATTORNEY FOR APPELLEE**

Kathleen M. Minahan
Greater Cleveland Regional Transit Authority
Root-McBride Building
6th Floor
1240 West 6th Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiff-appellant, Peter Ogolo, appeals from the judgment of the common pleas court granting summary judgment in favor of defendant-appellee, Greater Cleveland Regional Transit Authority ("GCRTA"). After a careful review of the record and relevant case law, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶2} On September 17, 2008, appellant was a passenger on a bus owned and operated by GCRTA that was traveling on Euclid Avenue in Cleveland, Ohio, when it struck a cement barrier in the road. Appellant was seated in the rear bench seat on the bus and alleges that when the bus impacted the barrier, the collision caused his head to strike the back of the plastic seat, and he subsequently tumbled forward into the aisle of the bus, landing on his left shoulder and again striking his head on the floor of the bus. Cleveland emergency medical services ("EMS") was called to the scene, and appellant was transported to the emergency room at St. Vincent Charity Hospital, where he complained of dizziness and headache.

{¶3} Approximately four weeks after the incident, appellant consulted a neurologist at MetroHealth Medical Center. Reading his symptoms from a computer printout on head injuries that he brought with him to the appointment, appellant complained he had been experiencing blurred vision, dizziness, and headaches since the accident. The neurologist noted that "significant psychogenic findings on exam"

rendered appellant's exam unreliable. The neurologist concluded that "many of [appellant's] symptoms are related to depression and anxiety." An MRI of his head taken that same day revealed "nonspecific periventricular white matter changes with age-related microvascular changes considered most likely."

{¶4} In December 2009, appellant followed up with a second neurologist at MetroHealth. That neurologist also found appellant's exam "reflective of a psychogenic cause for the patient's complaints." He advised appellant that his complaints were stress induced. Accordingly, the neurologist referred appellant to a psychiatrist, whom appellant has seen monthly since the initial consultation.

{¶5} On May 7, 2012, appellant filed a complaint for negligence against GCRTA, alleging that he suffered injuries as a result of the GCRTA employee's failure to safely operate the bus. On December 14, 2012, GCRTA filed a motion for summary judgment arguing that appellant could not prevail on his negligence claim as a matter of law based on his failure to produce an expert medical report as required by Loc.R. 21.1 of the Court of Common Pleas of Cuyahoga County, General Division. On February 25, 2013, the trial court granted GCRTA's motion for summary judgment, agreeing that appellant could not prevail on his negligence claim without expert testimony to substantiate and proximately relate his claimed injuries to the bus accident.

{¶6} Appellant now brings this timely appeal, raising two assignments of error for review.

**II. Law and Analysis**

**{¶7}** In his first assignment of error, appellant argues that

> the trial court erred in granting [GCRTA's] motion for summary judgment since genuine issues of material fact existed demonstrating that [appellant] was not required to produce medical expert testimony to show that he sustained a head injury from this motor vehicle accident.

## A. Standard of Review

**{¶8}** Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.). Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that

> (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

*Kirkwood v. FSD Dev. Corp.*, 8th Dist. Cuyahoga No. 95280, 2011-Ohio-1098, ¶ 8.

## B. Appellant's Negligence Claim

{¶9} In a negligence action, the plaintiff must prove that the defendant owed a duty to the plaintiff and that the defendant breached that duty, which proximately caused the injury to the plaintiff. *Strother v. Hutchinson*, 67 Ohio St.2d 282, 287, 423 N.E.2d 467 (1981).

{¶10} Proximate cause is defined as "an event that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which the event would not have occurred." *Aiken v. Ohio Indus. Comm.*, 143 Ohio St. 113, 117, 53 N.E.2d 1018 (1944). "This definition encompasses a sense of 'but for' in that an original wrongful or negligent act in a natural and continuous sequence produces a result that would not have taken place without the act." *Sabolik v. HGG Chestnut Lake L.P.*, 180 Ohio App.3d 576, 2009-Ohio-130, 906 N.E.2d 488, ¶ 21 (8th Dist.). Accordingly, proximate cause is "that without which the accident would not have happened, and from which the injury or a like injury might have been anticipated." *Jeffers v. Olexo*, 43 Ohio St.3d 140, 143, 539 N.E.2d 614 (1989), quoting *Corrigan v. E.W. Bohren Transport Co.*, 408 F.2d 301, 303 (6th Cir.1968).

{¶11} In its motion for summary judgment, GCRTA argued that without competent medical testimony, appellant was unable to establish that his alleged injuries were the proximate result of the bus accident, and therefore his negligence claim must fail as a matter of law.

{¶12} On appeal, appellant contends that he was not required to provide medical expert testimony to establish proximate cause in this matter because it is common

knowledge that if a person strikes his head during a vehicular accident, a closed head injury could occur.

{¶13} Whether the plaintiff is required to provide medical expert testimony regarding an injury depends on the causal connection between the injury and disability. In *Darnell v. Eastman*, 23 Ohio St.2d 13, 261 N.E.2d 114 (1970), the Ohio Supreme Court held:

> Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration for the jury.

*Id*. at syllabus.

> It is when the internal complexities of the body are at issue that we generally initiate the metamorphosis in the evidential progression where medical testimony moves from the pale of common knowledge matters and within layman competency where expert testimony is not required, to those areas where such testimony is more appropriate and indeed most necessary for the trier of fact to understand the nature and cause of the injuries alleged.

*Wright v. Columbus*, 10th Dist. Franklin No. 05AP-432, 2006-Ohio-759.

{¶14} While we agree that in some instances the causal nexus between an accident and the alleged injury is so clear as to obviate the need for expert testimony in a personal injury claim, such is not the case here. In the case at hand, appellant alleges that as a result of the bus accident, he suffered a closed head injury and continues to experience reoccurring headaches, blurred vision, dizziness, memory loss, and depression. In our

view, few injuries could be more "internal and elusive" than a closed head injury unaccompanied by any observable, external signs of trauma. This is particularly true in this case, where appellant's treating physicians opined that appellant's symptoms had a psychogenic, as opposed to physical, basis. Consequently, the question of the causal connection between the bus accident and appellant's alleged injuries are peculiarly within the scope of expert scientific inquiry.

{¶15} Since expert medical testimony was required to establish proximate cause of the alleged injuries in this instance, and because appellant did not present any expert medical testimony with respect to this issue, we conclude that the trial court did not err in granting GCRTA's motion for summary judgment.

{¶16} Accordingly, we overrule the first assigned error.

## C. Civil Rule 56(C)

{¶17} In his second assignment of error, appellant argues that "the trial court erred in granting [GCRTA's] motion for summary judgment since the trial court improperly considered and utilized evidence not permitted under Civ.R. 56 in reaching its decision." Specifically, appellant argues that the various medical records attached to GCRTA's motion for summary judgment were impermissible under Civ.R. 56(C) and that it was therefore error for the trial court to consider the same. These exhibits, according to appellant, are purportedly unsworn, uncertified copies of medical records relating to appellant and his alleged injuries.

{¶18} Civ.R. 56(C) controls the materials that the court may consider when it determines whether summary judgment is appropriate. The rule directs the court to consider only "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action." *See* Civ.R. 56(C).

{¶19} In regard to medical records, it is well-established that where such material submitted is not sworn, certified, or put in evidence by way of affidavit, it does not qualify as documentary evidence under Rule 56(C) and should not be considered by the trial court. *See Citizens Ins. Co. v. Burkes*, 56 Ohio App.2d 88, 95-96, 381 N.E.2d 963 (1978), citing *Olverson v. Butler*, 45 Ohio App.2d 9, 340 N.E.2d 436 (1975). In the instant case, two of the three medical records referenced by the trial court in its opinion, marked Exhibits B and D,[1] were not supported by certification or affidavit.[2] Therefore, those medical records were not proper Civ.R. 56(C) evidence because they do not fall into one of the categories of evidentiary materials listed in that section, nor were they incorporated and referenced in a properly framed affidavit pursuant to Civ.R. 56(E).

---

[1] Exhibit B consisted of a medical report generated by Cleveland EMS on the date of the bus accident. Exhibit D consisted of a medical report generated by St. Vincent Charity Medical Center that reflects the results of appellant's CT scan performed at the hospital on October 20, 2008.

[2] Exhibit E was also considered by the trial court in its opinion granting summary judgment. Exhibit E was a medical report generated by MetroHealth Medical Center that reflects appellant's neurologic evaluation by Dr. Virginia Edwards on October 22, 2009, and his subsequent evaluation by Dr. Michael F. Bahntge on December 8, 2009. Although not produced through the discovery process, Exhibit E was sufficiently incorporated by reference in a properly-framed affidavit pursuant to Civ.R. 56(E).

Accordingly, the trial court erred in considering Exhibits B and D. *See Widdig v. Watkins,* 4th Dist. Scioto No. 13-CA-3531, 2013-Ohio-3858; *but see Parrot v. A.R.E., Inc.*, 5th Dist. Stark No. 2006CA00005, 2006-Ohio-4527, ¶ 37.

**{¶20}** Nevertheless, we find the trial court's consideration of Exhibits B and D to be harmless because they were merely used to establish that appellant's alleged head injury did not include outward signs of trauma such as cuts or bruising, an issue of fact that appellant did not dispute in his deposition testimony and does not dispute in this appeal. As discussed, without establishing the existence of a closed head injury accompanied by observable, external signs of trauma, appellant was required to present expert medical testimony. Therefore, the trial court's consideration of improper documentary evidence in this matter did not impact the trial court's determination that appellant failed to present genuine issues of material fact on the issue of causation.

**{¶21}** Appellant's second assignment of error is overruled.

**{¶22}** Based on the foregoing, we affirm the trial court's judgment.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, A.J., and
SEAN C. GALLAGHER, J., CONCUR