[Cite as *Harris v. Ohio Dept. of Rehab. & Corr.*, 2013-Ohio-5714.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Herman Harris, Jr.,                :

         Plaintiff-Appellant,         :

                                         No. 13AP-466

v.                                 :          (Ct. of Cl. No. 2012-7587)

Ohio Department of Rehabilitation     :          (REGULAR CALENDAR)
and Correction,

                                        :

         Defendant-Appellee.       :

                                         :

D E C I S I O N

Rendered on December 24, 2013

*Herman Harris, Jr.*, pro se.

*Michael DeWine*, Attorney General, and *Frank S. Carson*, for appellee.

APPEAL from the Court of Claims of Ohio

KLATT, P.J.

{¶ 1} Appellant, Herman Harris, Jr., appeals from a judgment of the Court of Claims of Ohio granting summary judgment in favor of appellee, Ohio Department of Rehabilitation and Correction. Because reasonable minds can only conclude that appellant's theory of proximate causation is premised solely on speculation and conjecture, we affirm.

**Facts and Procedural History**

{¶ 2} Appellant is an inmate at the Hocking Correctional Facility ("HCF"). Appellant received a haircut at the HCF barber facility from inmate barber, William Barnett. Approximately two or three days after his haircut, appellant's scalp became tender in several places. Appellant received and applied an antibiotic ointment, but the condition worsened over time. Ultimately, appellant was diagnosed with a staph infection—methicillin-resistant staphylococcus arueus infection ("MRSA").

{¶ 3} Appellant filed a complaint in the Court of Claims of Ohio alleging that appellee was negligent in maintaining sanitary conditions in the HCF barber facility and that this negligence proximately caused appellant's injury. Ultimately, appellant and appellee filed cross-motions for summary judgment. The trial court granted appellee's motion for summary judgment and denied appellant's motion for summary judgment.

{¶ 4} Appellant, appearing pro se, appeals assigning the following errors:

> [1.] THE PLAINTIFF/APPELLANT, HERMAN HARRIS, JR., IN PRO SE, WAS DENIED "PROCEDURE DUE PROCESS" AND "EQUAL PROTECTION" OF LAWS BY THE MAGISTRATE JUDGE OF THE COURT OF CLAIMS OF OHIO. PROCEDURE DUE PROCESS AND EQUAL PROTECTION OF LAWS WAS DENIED TO THE PLAINTIFF/APPELLANT WHEN THE COURT GRANTED SUMMARY JUDGMENT TO THE DEFENDANT/APPELLEE, WHEN THE DEFENDANT'S/APPELLEE'S WAS NOT ENTITLED TO SUMMARY JUDGMENT BY LAW. THERE IS A REAL DISPUTE AS TO WHETHER OR NOT THE OPERATION OF THE INMATE BARBERSHOP FACILITY AT THE HOCKING CORRECTIONAL FACILITY BEING OPERATED WITHOUT AN ADEQUATE SUPPLY OF HOT RUNNING WATER WAS A CONTRIBUTING FACTOR OF THE PLAINTIFF/APPELLANT BEING INFECTED WITH MRSA (STAPH) INFECTION AFTER RECEIVING A HAIR CUT IN THE INMATE BARBER SHOP FACILITY BEING OPERATED BY VIOLATION OF STATE LAWS. THE PLAINTIFF/APPELLANT WAS DENIED "DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAWS AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, OHIO BILL OR RIGHTS: ARTICLE I, §§ 2 and 16, THEREBY COMMITTING REVERSIBLE ERROR.
>
> [2.] THE PLAINTIFF/APPELLANT WAS DENIED "PROCEDURE DUE" PROCESS AND "EQUAL PROTECTION" OF LAW WHEN THE MAGISTRATE JUDGE

FAILED TO ACCEPT AND/OR FAILED TO CONSIDER PLAINTIFF'S/APPELLANT'S ATTACHED EXHIBITS "A" THROUGH "G" ATTACHED TO HIS FORM COMPLAINT AND FAILED TO ACCEPT AND/OR FAILED TO CONSIDER PLAINTIFF'S/APPELLANT'S ATTACHED EXHIBIT "H" ON THE PLAINTIFF'S CONTRA MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT OHIO RULES OF CIVIL PROCEDURE 8 (D) AND 56 (c). THE MAGISTRATE JUDGE FAILING TO CONSIDER AND/OR FAILING TO ACCEPT PLAINTIFF'S/APPELLANT'S EXHIBITS AS SUP-PORTING EVIDENCE AND/OR ADMISSIBLE EVIDENCE AGAINST THE DEFENDANT'S/APPELLEE'S, THEREBY DENYING PLAINTIFF/APPELLANT THE FOUNDMENTAL FAIRNESS IN A CIVIL PROCEEDING IN DIRECT VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, OHIO BILL OF RIGHTS: ARTICLE I, §§ 2 AND 16.

[3.] THE MAGISTRATE JUDGE ROBERT VAN SCHOYCK, OF THE COURT OF CLAIMS OF OHIO CREATED A STRUCTURAL DEFECT IN THE CONSTITUTION OF THE NON-ORAL SUMMARY JUDGMENT HEARING. THE MAGISTRATE JUDGE, FAILED TO ACCEPT AND/OR CONSIDER PLAINTIFF'S/APPELLANT'S ATTACHED EXHIBIT "A" THROUGH "G" THAT ACCOMPANY HIS FORM COMPLAINT FILED IN THE COURT OF CLAIMS. THE MAGISTRATE JUDGE REFUSSAL TO ACKNOW-LEDGE AND/OR ACCEPT PLAINTIFF'S/APPELLANT'S EXHIBITS "A" THROUGH "G AS ADMISSIBLE EVIDENCE AND/OR MATERIAL EVIDENCE, DENIED THE PLAINTIFF/APPELLANT THE RIGHT TO PETITION AND/OR REDRESS THE COURT(S), AND DENIED THE PLAINTIFF/APPELLANT PROCEDURE DUE PROCESS, AND THE EQUAL PROTECTION OF LAWS AS GUARANTEED BY THE FIRST AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, OHIO BILL OF RIGHTS: ARTICLE I, §§ 2, 3, and 16.

(Sic passim.)

{¶ 5} Because appellant's three assignments of error are interrelated, we will address them together. We note that in his assignments of error, appellant has characterized his claims as constitutional violations—procedural due process and equal protection. Appellant's complaint does not allege constitutional violations. Nor does the Court of Claims have jurisdiction to decide constitutional claims. Therefore, we will

interpret appellant's assignments of error as challenging appellee's right to summary judgment on his negligence claims.

{¶ 6}   We review a summary judgment de novo. *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994), citing *Brown v. Scioto Cty. Bd. of Commissioners*, 87 Ohio App.3d 704, 711 (4th Dist.1993).   When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992); *Brown* at 711.

{¶ 7}   Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Accordingly, summary judgment is appropriate only under the following circumstances:  (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 8}   "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on any material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial. *Id.* at 293.  Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992), quoting *Norris v. Ohio Standard Oil Co.*, 70 Ohio St.2d 1, 2 (1982).

{¶ 9}  To establish actionable negligence, appellant must prove by a preponderance of the evidence that the state owed him a duty, that the state's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 8, citing

*Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984). " 'In the context of a custodial relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks.' " *Franks v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-442, 2013-Ohio-1519, ¶ 17, quoting *Woods v. Ohio Dept. of Rehab. & Corr.*, 130 Ohio App.3d 742, 745 (10th Dist.1998). The state, however, is not an insurer of inmates' safety and owes the duty of ordinary care only to inmates who are foreseeably at risk. *Id.*

{¶ 10} In one form or another, appellant's arguments all address the duty and/or breach elements of his negligence claim. None of his arguments address the ground upon which the trial court granted summary judgment in favor of appellee—the absence of any evidence demonstrating that the alleged breach of duty proximately caused appellant's injury.

{¶ 11} In support of its motion for summary judgment, and to demonstrate the absence of genuine issues of material fact, appellee relied upon the allegations in appellant's complaint and two affidavits attached to its motion. Appellee notes that the sole basis for appellant's negligence claim is his allegation that he contracted MRSA from unsanitary conditions in the prison barbershop. However, appellee attached an affidavit from the prison barber, William Barnett, which indicates the following:

- (1) Mr. Barnett is employed as a barber at HCF and has been employed as a barber since 1967;
- (2) Before entering prison, Mr. Barnett was a licensed barber in Ohio and completed beautician and barber school;
- (3) He is trained in the proper sanitation and disinfecting techniques of the entire barbershop, including sanitation/disinfecting clipper blades;
- (4) After he was incarcerated at HCF, he received further training from prison staff on the proper sanitation/disinfecting techniques that must be used while working as a barber at HCF;
- (5) While working as a barber at HCF, Mr. Barnett used chemicals barbicide, H-42 clipper cleaner and marvacide to sanitize clipper blades, which is what all barbers use;
- (6) His training as a barber indicates that these chemicals are used on clipper blades to kill all types of disease and bacteria;
- (7) Mr. Barnett sanitizes the clipper blades and all equipment used on clients prior to every haircut;

- (8) Mr. Barnett washes his hands with soap and water prior to cutting clients hair;
- (9) Hot water is never used in the sanitation process of clipper blades;
- (10) Only the chemicals noted above are used;
- (11) On August 5, 2012, appellant came to Mr. Barnett for a haircut, requesting that Mr. Barnett shave appellant's head;
- (12) Mr. Barnett sanitized the clipper blade that he used to shave appellant's head with the chemicals noted above;
- (13) The only haircutting tool that Mr. Barnett used on appellant's head was the 0000 clipper blade which was properly sanitized;
- (14) Appellant's haircut was completed without any incident or complaint;
- (15) At no point in time did Mr. Barnett cut appellant's head with the clipper blade;
- (16) At no point in time did appellant's head bleed or have an open wound during his haircut;
- (17) At no point in time did appellant complain of any injury during his haircut.

{¶ 12} Appellee also attached to its motion an affidavit from Jeffery Oxley, who testified that:

- (1) He is employed as the safety and sanitation officer by appellee at HCF;
- (2) Mr. Oxley is trained and familiar with appellee's policy and procedure on the sanitation requirements of the prison barber facility;
- (3) Mr. Oxley was responsible for training and supervising inmate-barber, William Barnett, Jr.;
- (4) Mr. Oxley trained Mr. Barnett on the proper use of sanitation generally and the use of sanitation chemicals when cutting an inmate's hair;
- (5) Mr. Barnett was trained in the proper sanitation and disinfecting techniques of the entire barbershop, including sanitation/disinfecting clipper blades;
- (6) The HCF barbershop was properly stocked with all of the necessary disinfecting/sanitation chemicals, including barbicide, H-42 clipper cleaner and marvacide;
- (7) The above chemicals are the only chemicals required to properly sanitize all the tools that come into contact with an inmate's body during a haircut;
- (8) Hot water is not used in the barbershop for the sanitation of clipper blades or any other instrument that is used on an inmate's body;

- (9) If an inmate was cut during the process of a haircut, it is the Ohio Department of Rehabilitation and Correction's policy to immediately send that inmate to medical.

{¶ 13} Based upon appellant's theory of negligence, we conclude that appellee has met its burden on summary judgment on the issues of breach and proximate cause, thus giving rise to appellant's reciprocal burden as required by Civ.R. 56(E).

{¶ 14} Appellant responded to appellee's motion with his own affidavit. Essentially, appellant simply swore to the truthfulness of the allegations in his complaint—that unsanitary conditions during his haircut at the HCF barber facility caused his injury. He also attached unauthenticated documents that purport to support his contention that the barbershop lacked a source of hot water as required by state regulations. Notably absent from appellant's response is any evidence disputing the factual assertions contained in the affidavits of Barnett and/or Oxley. Nor did appellant present any expert evidence that his injury was proximately caused by the haircut he received at the HCF barbershop facility. Lastly, appellant presented no evidence that the absence of hot water in the barbershop proximately caused his injury. Essentially, appellant relies solely upon the fact that there was no hot water available in the barbershop when he received his haircut; he experienced soreness on his scalp in several places two or three days following his haircut; that the condition worsened over time despite the application of an antibiotic ointment; and that he was diagnosed with MRSA approximately six weeks later.

{¶ 15} Although a plaintiff may establish proximate causation through circumstantial evidence " 'there must be evidence of circumstances which will establish with some degree of certainty that the alleged negligent acts caused the injury.' " *Mills v. Best Western Springdale*, 10th Dist. No. 08AP-1022, 2009-Ohio-2901, ¶ 20, quoting *Woodworth v. New York Cent. R.R. Co.*, 149 Ohio St. 543, 549 (1948). It is well-established that when only speculation and conjecture is presented to establish proximate causation, the negligence claim has failed as a matter of law. *Mills* at ¶ 20.

{¶ 16} Generally, where an issue involves a question of scientific inquiry that is not within the knowledge of a layperson, expert testimony is required. *Stacey v. Carnegie-Illinois Steel Corp.*, 156 Ohio St. 205 (1951). As this court stated in *Mills*:

> Unless a matter is within the comprehension of a layperson, expert testimony is necessary. Evid.R. 702 and 703. Experts have the knowledge, training and experience to enlighten the jury concerning the facts and their opinion regarding the facts. *McKay Machine Co. v. Rodman* (1967), 11 Ohio St.2d 77.

*Id.* at ¶22 quoting *Ramage v. Cent. Ohio Emergency Servs. Inc.*, 64 Ohio St.3d 97, 102 (1992).

{¶ 17} The mechanisms for contracting MRSA are not within the knowledge of a layperson. Proper sanitation techniques in a barbershop are not within the knowledge of a layperson. As previously noted, appellant failed to submit any expert testimony on the issues of breach or proximate causation. Appellant's theory of liability is premised solely on speculation and conjecture. Appellant submitted no evidence regarding how MRSA is transmitted; whether the chemicals used in the barbershop kill the MRSA bacteria; whether it is possible to contract MRSA in the manner appellant alleges; how long it takes for the MRSA infection to manifest itself after exposure; and whether the absence of hot water has any bearing on the transmission of MRSA. Even if we assume that appellant created an issue of fact regarding appellee's breach of a duty due to the absence of hot water, appellant points to nothing beyond conjecture and speculation to establish proximate causation. The documents appellant has submitted do not address the issue of proximate cause. Given the unrefutted evidence presented by appellee in support of its motion for summary judgment, we conclude that a reasonable fact finder could only conclude that appellant has failed to create a material issue of fact on an essential element of his negligence claim. Therefore, we agree with the trial court that appellee is entitled to summary judgment.

{¶ 18} Accordingly, we overrule appellant's assignments of error, and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN and CONNOR, JJ., concur.

_____