[Cite as *Tate v. Natural Nails*, 2019-Ohio-4062.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TOMIKA TATE,                                          :

    Plaintiff-Appellant,                       :

                              No. 107983

    v.                                                 :

NATURAL NAILS,                                        :

    Defendant-Appellee.                        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 3, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-890148

---

### *Appearances:*

Burkes Law, L.L.C., and John F. Burke, III, *for appellant.*

Alan J. Rapoport, *for appellee.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Plaintiff-appellant, Tomika Tate ("appellant"), brings the instant appeal challenging the trial court's judgment granting an oral motion to dismiss made by defendant-appellee, Natural Nails. Specifically, appellant argues that the trial court erred in (1) determining that she was required to present medical expert testimony to demonstrate proximate cause in her negligence action, and (2) granting the

motion to dismiss without hearing any evidence or empaneling a jury. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} Natural Nails is a nail salon in Euclid, Ohio. In March 2015, appellant received a manicure at Natural Nails. According to appellant, sometime after she received the manicure, she developed an infection on her middle finger and middle fingernail. Appellant alleged that the infection resulted from Natural Nails' negligence.

{¶ 3} Appellant originally filed her negligence complaint on May 16, 2016, in Cuyahoga C.P. No. CV-16-863279. However, on December 7, 2016, appellant filed a notice of voluntary dismissal, and the trial court dismissed the case without prejudice on December 8, 2016.

{¶ 4} Appellant refiled her negligence complaint on December 7, 2017, in Cuyahoga C.P. No. CV-17-890148. Therein, appellant alleged that she received a manicure at Natural Nails' salon "[o]n or about March 1, 8, or 17, 2015[.]" Appellant further alleged that she sustained the following injuries and damages as a result of Natural Nails' negligence:

> 5. As a direct and proximate cause of [Natural Nails'] acts and negligence, [appellant] sustained serious injuries, including but not limited to, mental and physical pain and suffering, aggravation, inconvenience, grief, restrictions on activities, and/or loss of enjoyment of life.
>
> 6. As a direct and proximate result of [Natural Nails'] negligence, [appellant] has been damaged and required hospital and medical care and treatment and incurred expenses for same.

{¶ 5} On December 14, 2017, Natural Nails filed an answer. Natural Nails filed a motion for summary judgment on January 3, 2018. On March 14, 2018, the trial court denied Natural Nails' motion for summary judgment.

{¶ 6} During a case management conference on March 27, 2018, the trial court ordered appellant to submit her expert report on or before July 26, 2018; Natural Nails' expert report was due on or before September 26, 2018. On June 26, 2018, the trial court issued a judgment entry that provided, in relevant part, "compliance with pre-trial order to be completed and filed one week prior to [November 7, 2018] trial. * * * All expert reports[.]"

{¶ 7} On July 26, 2018, appellant filed a motion for an extension of time to submit an expert report. The trial court granted appellant's motion, and ordered appellant to submit an expert report on or before August 24, 2018.

{¶ 8} On October 26, 2018, Natural Nails filed motions in limine seeking to prohibit appellant from (1) calling medical expert witnesses at trial, and (2) introducing additional medical bills at trial. The matter was called for trial on November 13, 2018.

{¶ 9} At the beginning of the hearing, the trial court addressed the motions in limine filed by Natural Nails. Regarding the first motion, appellant's counsel conceded that it would not be calling a medical expert witness to testify. Regarding the second motion, the trial court ordered the parties to go through appellant's medical bills and redact any information that was not related to the infection at issue.

{¶ 10} While the trial court was waiting for a jury to be empaneled, Natural Nails orally moved to dismiss the case based on appellant's representation that she would not be presenting the testimony of a medical expert. Defense counsel argued that without evidence or testimony from a medical expert, appellant would not be able to establish proximate cause, and therefore, the causation issue should not be submitted to the jury. In support of its position, Natural Nails cited the Ohio Supreme Court's holding in *Darnell v. Eastman*, 23 Ohio St.2d 13, 261 N.E.2d 114 (1970).

{¶ 11} Appellant's counsel opposed the motion to dismiss, arguing that there was medical evidence, appellant's medical records, that explain and document appellant's infection. Appellant's counsel asserted that appellant would testify at trial that the issues with her finger began after she received a manicure at Natural Nails.

{¶ 12} The trial court granted Natural Nails' motion to dismiss, over appellant's objection, concluding that *Darnell* mandated a dismissal of appellant's case. The trial court explained, "[t]he case will be dismissed. [The victim] had an infection, I don't think there is any dispute about that. However, there's no medical testimony to indicate that it was contracted at the time of her nail salon visit and so I am going to grant the motion." (Tr. 11.) The trial court further emphasized that "there's nothing in the medical records that say this infection was caused by a visit to the nail salon." (Tr. 12.) The trial court's November 13, 2018 judgment entry

provides, in relevant part, "pursuant to this court's ruling dismissing case this case is dismissed with prejudice."

{¶ 13} On December 13, 2018, appellant filed the instant appeal challenging the trial court's judgment. Appellant assigns one error for review:

> I. The [t]rial [c]ourt erred when it granted [Natural Nails'] [o]ral [m]otion to [d]ismiss without hearing any evidence, testimony or ever empaneling a jury.

## II. Law and Analysis

{¶ 14} In her sole assignment of error, appellant argues that the trial court erred in dismissing her negligence action.

{¶ 15} "Under Ohio law, a claim for negligence requires proof of '(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach.'" *Garofoli v. Whiskey Island Partners Ltd.*, 2014-Ohio-5433, 25 N.E.3d 400, ¶ 18 (8th Dist.), quoting *Wallace v. Ohio DOC*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 22. Regarding the proximate cause element, "[w]hether the plaintiff is required to provide medical expert testimony regarding an injury depends on the causal connection between the injury and disability." *Ogolo v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 99675, 2013-Ohio-4921, ¶ 13. Expert testimony is generally required when an issue involves a question of scientific inquiry that is not within the knowledge of a layperson. *Stacey v. Carnegie-Illinois Steel Corp.*, 156 Ohio St. 205, 101 N.E.2d 897 (1951).

{¶ 16} In this case, Natural Nails does not appear to dispute that appellant contracted an infection. As explained in further detail below, appellant was diagnosed with the infection paronychia[1] on March 8, 2015. The parties do dispute, however, whether appellant received a manicure at Natural Nails *before* she was diagnosed with the infection.

{¶ 17} Appellant alleged in her complaint that she received a manicure at Natural Nails' salon "[o]n or about March 1, 8, or 17, 2015," after which she contracted an infection. Appellant did not present any documentary evidence, such as a receipt or an appointment confirmation, demonstrating that she received a manicure at Natural Nails on or before March 8.

{¶ 18} Natural Nails, on the other hand, asserted that appellant received a manicure at Natural Nails on March 17, 2015 — after she had been diagnosed with an infection — and that she was not at the salon prior to that date. In support, Natural Nails submitted two receipts, dated March 17, 2015, that appellant signed.[2]

{¶ 19} Even if we assume that appellant did, in fact, receive a manicure at Natural Nails on or before March 8, appellant failed to present any evidence whatsoever regarding Natural Nails' breach of its duty and proximate causation.

---

[1] "Paronychia is an inflammation involving the folds of tissue surrounding the nail." *Yowpp v. Apfel*, N.D.Ohio No. 99 CV 7714, 1999 U.S. Dist. LEXIS 22914 (Nov. 19, 1999), fn. 5, citing *Dorland's Illustrated Medical Dictionary* 1232 (27th Ed.1994).

[2] The first receipt, time stamped 3:19 p.m., was for $37.80; the second receipt, time stamped 3:09 p.m., was for $57.84.

{¶ 20} As noted above, the trial court dismissed appellant's negligence action pursuant to *Darnell*, 23 Ohio St.2d 13, 261 N.E.2d 114. In *Darnell*, the Ohio Supreme Court held,

> Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury.

*Id.* at syllabus.

{¶ 21} "The *Darnell* syllabus divides causation questions into two categories: those that are within common knowledge and those that involve a scientific inquiry not within the common knowledge of persons." *Dixon v. Miami Univ.*, 10th Dist. Franklin No. 04AP-1132, 2005-Ohio-6499, ¶ 37. "[T]he relevant distinction regarding the character of the injury is whether it is readily observable or understandable or the injury is 'internal and elusive in nature, unaccompanied by any observable external evidence.'" *Chilson v. Conrad*, 11th Dist. Portage No. 2005-P-0044, 2006-Ohio-3423, ¶ 20, quoting *Davis v. Morton Thiokol, Inc.*, 11th Dist. Lake No. 90-L-15-083, 1991 Ohio App. LEXIS 5270, 6 (Nov. 1, 1991).

{¶ 22} In *Wright v. Columbus*, 10th Dist. Franklin No. 05AP-432, 2006-Ohio-759, the Tenth District explained,

> "It is when the internal complexities of the body are at issue that we generally initiate the [metamorphosis] in the evidential progression where medical testimony moves from the pale of common knowledge matters and within layman competency where expert testimony is not required, to those areas where such testimony is more appropriate and

> indeed most necessary for the trier of fact to understand the nature and cause of the injuries alleged."

*Id.* at ¶ 10, quoting *Gibbs v. Gen. Motors Corp.*, 11th Dist. Trumbull No. 3625, 1987 Ohio App. LEXIS 6288, 4 (Mar. 27, 1987).

{¶ 23} In the instant matter, appellant appears to argue that the causal nexus between the manicure, Natural Nails' negligence, and her infection is so clear and a matter of common knowledge, such that expert medical testimony was not necessary. Appellant contends that the causal connection between the finger infection and the manicure "is within the common knowledge of the average layman." Appellant's brief at 5. We disagree.

{¶ 24} As an initial matter, it appears from the record that appellant's counsel originally intended to call an expert witness at trial. As noted above, appellant requested an extension of time to submit an expert report. Additionally, in her final pretrial statement, filed on October 17, 2018, appellant listed, generally, "[p]laintiff's medical providers" in the "list of expert trial witnesses" section. However, in her pretrial witness list, subsequently filed on October 31, 2018, appellant indicated that her counsel would call appellant and a representative of Natural Nails at trial. Appellant's counsel ultimately conceded that appellant would not be presenting any medical expert testimony at trial, based upon which Natural Nails moved for a dismissal of the case.

{¶ 25} This court has recognized that in certain instances, the causal nexus between an accident and a resulting injury is, in fact, so clear that expert medical

testimony is not absolutely necessary. *Ogolo*, 8th Dist. Cuyahoga No. 99675, 2013-Ohio-4921, at ¶ 14. For instance, the causal relationship between physical impact and a bruise or a fracture is a matter within common knowledge. *See White Motor Corp. v. Moore*, 48 Ohio St.2d 156, 357 N.E.2d 1069 (1976) (medical testimony was not required to establish causal relationship between employee's bruised knee caused by a truck frame falling and landing on the employee, as the injury involved "little if any medical complexity"); *Canterbury v. Skulina*, 11th Dist. Portage No. 2000-P-0060, 2001 Ohio App. LEXIS 5442 (Dec. 7, 2001) (a broken ankle sustained from a slip and fall is a sufficiently understandable, observable, and comprehensible injury that does not require expert testimony because it is within the scope of common knowledge); *Kelley v. Connor*, 5th Dist. Licking No. CA 2981, 1984 Ohio App. LEXIS 9193 (Apr. 9, 1984) (severe strain sustained as a result of moving heavy objects is a matter of common knowledge and therefore, expert testimony on the issue of causation was not required); *see also Bowling v. Industrial Comm.*, 145 Ohio St. 23, 29, 60 N.E.2d 479 (1945) ("[i]t is a matter of common knowledge that any liquid heated to 880 degrees Fahrenheit and coming into contact with any part of the human anatomy probably would cause injury. This is especially true when such liquid comes in contact with the delicate membrane of the eye.").

{¶ 26} In this case, we cannot say that the causal relationship between Natural Nails' breach of its duty and appellant's infection is so clear or a matter within common knowledge. "The existence and cause of a bacterial infection *are not matters of common knowledge and must be demonstrated with expert medical*

*testimony*." (Emphasis added.) *Prysock v. Bahner*, 10th Dist. Franklin No. 03-AP-1245, 2004-Ohio-3381, ¶ 9; *see also Marzocco v. Taco Bell Corp.*, 2d Dist. Montgomery No. 17818, 2000 Ohio App. LEXIS 62 (Jan. 14, 2000) (expert medical testimony is required to demonstrate the cause of foodborne illnesses). Unlike bruises or bone fractures, there are many different types of bacterial agents that can cause an infection, and it is possible to contract an infection in a number of different ways. Accordingly, the question of the causal connection between the manicure and appellant's infection is within the scope of expert scientific inquiry.

{¶ 27} Regarding the element of Natural Nails' breach of its duty, appellant generally alleges in her complaint that Natural Nails was negligent. She does not, however, allege or specify *how* Natural Nails was negligent (i.e. failing to properly clean or sanitize manicure tubs, failing to properly clean or sanitize manicure instruments, etc.). Like the question of proximate cause, proper salon sanitation techniques are not within the common knowledge of a layperson.

{¶ 28} In this case, the finder of fact would be charged with determining (1) whether Natural Nails failed to properly clean, sanitize, and disinfect its tools, instruments, and tubs, or properly perform appellant's manicure, and (2) whether Natural Nails' failure to do so caused appellant's infection. To accomplish these tasks, the factfinder would need to understand the means and methods of cleaning and sanitizing manicure tubs and instruments and the potential risks, such as exposure to bacteria and development of infection, that customers faced if the cleaning procedures were not followed. These matters are outside of the common

and ordinary experience and knowledge of a layperson. As a result, expert testimony was required.[3]

{¶ 29} Appellant appears to argue that expert medical testimony was not necessary because the infection "was external not internal and was documented in photographs and medical records." Appellant's brief at 8.

{¶ 30} Initially, unlike a bruise or a bone fracture, every infection is not necessarily visible. Nevertheless, in this case, we cannot say that the infection or the damage to appellant's finger and fingernail is readily observable in the photographs. One of the photographs shows a small chip in the nail on appellant's left middle finger. Plaintiff's exhibit No. 14. While some photographs show a slight discoloration in the fingernail of appellant's left middle finger, a discoloration can also be observed in other nails, both on appellant's left and right hands. *See* plaintiff's exhibits Nos. 8, 13, and 14.

{¶ 31} This case is analogous to *Harris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 13AP-466, 2013-Ohio-5714. In *Harris*, the plaintiff-appellant, an inmate, brought a negligence action against a correctional facility after receiving a haircut at the facility's barbershop, after which his scalp became tender and he was ultimately diagnosed with the staph infection MRSA. *Id.* at ¶ 2. The inmate alleged

---

[3] *See, e.g., Detraz v. Lee*, 900 So.2d 1099 (La.App.2005) (plaintiff in a negligence action involving an infection contracted during a pedicure at a nail salon presented medical testimony from (1) a licensed plastic surgeon who treated the plaintiff and opined that the unsanitized pedicure tub was the cause of her infection, (2) a dermatologist who treated her and opined that it was possible for a customer to contract an infection from an improperly sanitized pedicure tub, and (3) a licensed cosmetologist who testified that improperly cleaning pedicure tubs can generate potentially dangerous bacteria).

that the facility was negligent in maintaining sanitary conditions in the barber facility and that this negligence proximately caused his injury. The court of claims granted the correctional facility's motion for summary judgment. On appeal, the Tenth District acknowledged that in opposing the correctional facility's motion for summary judgment, the inmate did not present any expert evidence that his injury was proximately caused by the haircut he received at the barbershop. *Id.* at ¶ 14. The court affirmed the judgment of the court of claims, concluding:

> *The mechanisms for contracting MRSA are not within the knowledge of a layperson. Proper sanitation techniques in a barbershop are not within the knowledge of a layperson.* As previously noted, appellant failed to submit any expert testimony on the issues of breach or proximate causation. Appellant's theory of liability is premised solely on speculation and conjecture. Appellant submitted no evidence regarding how MRSA is transmitted; whether the chemicals used in the barbershop kill the MRSA bacteria; whether it is possible to contract MRSA in the manner appellant alleges; how long it takes for the MRSA infection to manifest itself after exposure; and whether the absence of hot water has any bearing on the transmission of MRSA. Even if we assume that appellant created an issue of fact regarding appellee's breach of a duty due to the absence of hot water, appellant points to nothing beyond conjecture and speculation to establish proximate causation. The documents appellant has submitted do not address the issue of proximate cause. Given the [unrefuted] evidence presented by appellee in support of its motion for summary judgment, we conclude that a reasonable fact finder could only conclude that appellant has failed to create a material issue of fact on an essential element of his negligence claim. Therefore, we agree with the trial court that appellee is entitled to summary judgment.

(Emphasis added.) *Id.* at ¶ 17.

{¶ 32} Here, like *Harris*, neither the mechanisms for contracting paronychia nor proper salon sanitation techniques are within the knowledge of a layperson. Like *Harris*, appellant conceded that she would not be presenting expert testimony

— either on the issue of breach of duty (i.e. improper sanitation or disinfecting techniques) or the issue of proximate cause (i.e. Natural Nails' negligence caused her infection). Like *Harris*, appellant's theory of liability was premised entirely on speculation and conjecture. Like *Harris*, the medical records appellant submitted do not address the issue of proximate causation. "It is well-established that when only speculation and conjecture is presented to establish proximate causation, the negligence claim has failed as a matter of law." *Harris* at ¶ 15, citing *Mills v. Best W. Springdale*, 10th Dist. Franklin No. 08AP-1022, 2009-Ohio-2901, ¶ 20.

{¶ 33} To the extent that appellant argues that her medical records specifically and directly indicate that her finger infection resulted from her visit to the nail salon, we find no merit to this argument.

{¶ 34} The medical records from Euclid Hospital's emergency department, where appellant was treated on March 8, 2015, provide, in relevant part, "[patient] presents to ED for pain left middle finger, [patient states] pain began shortly after she had her nails manicured." These records also confirm that appellant was diagnosed with paronychia. Appellant's discharge instructions explain what paronychia is and how to treat it. The medical records do not, however, state anything about how the infection is or was caused.

{¶ 35} The medical records from appellant's primary care doctor at New Family Physicians Associates, where appellant was treated on March 12, 2015, provide, in relevant part, "[p]atient is here for a follow up an infection on her left middle fingernail. She went to the Euclid emergency room a week ago. They gave

her antibiotic * * * She recalls going to get a manicure before the infection started." The assessment and plan specified in these records is "Paronychia of third finger of left hand[.]" These records also do not contain any information regarding the cause of appellant's infection.

{¶ 36} Accordingly, the references to the manicure in the medical records are based on the account *appellant* provided to the medical staff, not the independent observations or diagnoses of third-party, detached medical personnel. Based on the foregoing analysis, we find that appellant's negligence claim and the requisite proximate cause element were based on speculation and conjecture. Accordingly, appellant's negligence claim fails as a matter of law, and the trial court properly granted Natural Nails' motion to dismiss the case.

{¶ 37} Finally, appellant argues that the trial court's dismissal was "clear error in complete contravention of the Ohio Rules of Civil Procedure." Appellant's reply brief at 2. During oral arguments, appellant's counsel argued that the trial court committed a procedural error by dismissing the case, on the day of trial, before appellant had an opportunity to present any evidence to the jury. Appellant emphasized that despite the fact that a jury trial was scheduled to commence that day, the trial court dismissed the case before the jury had even been selected. Finally, appellant contends that the trial court dismissed the case without any citation to or support of the Rules of Civil Procedure.

{¶ 38} We note that the proceedings below and the manner in which the case was dismissed are procedurally irregular. As noted above, the record reflects that

appellant's counsel conceded that appellant would not be calling an expert medical witness to testify at trial. Appellant's counsel's concession rendered Natural Nails' motion in limine moot. Furthermore, based on the concession, defense counsel orally moved to dismiss the case, pursuant to *Darnell*, based on "the lack of medical expert testimony concerning [appellant's] injury." (Tr. 7.)

{¶ 39} Thereafter, the trial court entertained arguments from both parties on Natural Nails' oral motion to dismiss the case. Furthermore, defense counsel provided the trial court with a copy of the *Darnell* decision. Based on the arguments presented and the *Darnell* decision, the trial court granted Natural Nails' oral motion to dismiss.

{¶ 40} Defense counsel's oral motion to dismiss may have been more appropriate as a motion for a directed verdict, pursuant to Civ.R. 50, following appellant's opening statement at trial. Furthermore, had appellant conceded during the exchange of discovery — rather than on the day of trial — that no expert medical testimony would be presented at trial, it may have been more appropriate to dismiss the case pursuant to Civ.R. 56 and Natural Nails' motion for summary judgment. In the motion for summary judgment, filed on October 6, 2018, Natural Nails argued that appellant's "failure to offer required medical evidence means it now is impossible for [her] to establish at trial that alleged negligence at a nail salon could have caused claimed injury to her finger." Furthermore, although Natural Nails conceded that appellant's evidence indicated that she did, in fact, sustain an infection on her finger for which she received medical treatment, Natural Nails

argued that "the mere presence in [appellant's] finger of an infection and any coincidental visit by [appellant] to [Natural Nails'] salon do not combine to prove causation in the absence of medical expert testimony." Although these were essentially the same arguments based upon which Natural Nails orally moved to dismiss the case on the day of trial, the trial court denied Natural Nails' motion for summary judgment.

{¶ 41} Notwithstanding the procedural irregularity of the trial court's proceedings and the manner in which the case was ultimately dismissed, we cannot conclude that the trial court erred in granting Natural Nails' oral motion to dismiss and dismissing the case.

{¶ 42} For all of these reasons, we find that the trial court did not err in granting Natural Nails' motion to dismiss. Appellant's sole assignment of error is overruled.

{¶ 43} We emphasize that our holding is limited to and based upon the allegations in appellant's complaint, the facts of this case, and the evidence in the record before this court. This case does not stand for the proposition that a plaintiff must *always* present expert medical testimony in order to maintain a negligence action of this type or of a similar nature. As noted above, this court has recognized that when the causal connection between an accident and a resulting injury is so clear and obvious, and a matter within common knowledge, expert medical testimony is not absolutely necessary in order to maintain the negligence action. *See Ogolo*, 8th Dist. Cuyahoga No. 99675, 2013-Ohio-4921, at ¶ 14. Furthermore,

contrary to appellant's assertion that the causal connection between a finger infection and a manicure "is within the common knowledge of the average layman," we cannot conclude that the existence and cause of bacterial infections are *always* matters of common knowledge that need not be supported by expert medical testimony. *See Prysock*, 10th Dist. Franklin No. 03-AP-1245, 2004-Ohio-3381, at ¶ 9.

{¶ 44} After reviewing the record, we must conclude that appellant's negligence claim fails as a matter of law based on (1) appellant's failure to present any evidence indicating that she did, in fact, receive a manicure at Natural Nails on or before March 8, 2015, when she was diagnosed with the infection, and (2) appellant's failure to specifically allege or present evidence indicating *how* Natural Nails was negligent. Appellant's general, unspecified assertion that her infection resulted from Natural Nails' negligence — without more — was insufficient to maintain and proceed with her negligence action.

{¶ 45} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
RAYMOND C. HEADEN, J., CONCUR