[Cite as *Parma v. Lawrence*, 2014-Ohio-2183.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100294

# CITY OF PARMA

PLAINTIFF-APPELLEE

vs.

# JAMES LAWRENCE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Parma Municipal Court
Case No. 13 TRD 06705

**BEFORE:** Jones, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 22, 2014

**FOR APPELLANT**

James F. Lawrence, pro se
9934 Pleasant Lake Blvd.
Suite T-414
Parma, Ohio 44130


**ATTORNEYS FOR APPELLEE**

Timothy G. Dobeck
Law Director of the city of Parma
Parma Law Department
6611 Ridge Road
Parma, Ohio 44129

BY: Richard A. Neff
Assistant Prosecutor
City of Parma
5555 Powers Boulevard
Parma, Ohio 44129

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, James Lawrence, pro se, appeals his convictions for speeding and failing to wear his seatbelt. We affirm.

**{¶2}** In 2012, Lawrence was charged with two violations of Parma Codified Ordinances 333.03(b), speeding, and 337.295(b)(1), failure to wear his seatbelt. Lawrence was driving on Pearl Road in Parma when Parma police officer Ken Gillissie observed him speeding and "clocked" his vehicle going 40 m.p.h. in a 25 m.p.h. zone. The officer pulled him over and issued him the above citations.

**{¶3}** The matter proceeded to a bench trial and the trial court found Lawrence guilty. Lawrence filed a notice of appeal.

**{¶4}** In the body of his appellate brief, Lawrence lists 15 assignments of error; however, he has failed to comply with the appellate rules and does not cite any authority to support his claims. *See* App.R. 16. In addition, Lawrence has attached to his appellate brief what he alleges is a traffic citation from 2001 issued by Gillissie and a computer printout of a document titled "Challenging Jurisdiction." These documents were not part of the trial court record. We further note that throughout his appellate brief, Lawrence makes assertions about the prosecutor and the trial court that are also not part of the trial court record.

**{¶5}** Lawrence argues that because he is not a lawyer he does not have to comply with the appellate rules. We understand Lawrence filed this appeal pro se and "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of

compliance with the appellate rules." *State v. Richard*, 8th Dist. Cuyahoga No. 86154, 2005-Ohio-6494, ¶ 4.   However, "like members of the bar, pro se litigants are required to comply with the rules of practice and procedure." *Hardy v. Belmont Corr. Inst.*, 10th Dist. Franklin No. 06AP-116, 2006-Ohio-3316, ¶ 9.

{¶6} In *State v. Hooks*, 92 Ohio St.3d 83, 748 N.E.2d 528 (2001), the Ohio Supreme Court noted that "a reviewing court cannot add matter to the record before it that was not part of the trial court's proceedings * * * nor can the record be enlarged by factual assertions in the brief." *Id.*; *see also Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227 (1963).   Therefore, we disregard documents and allegations in Lawrence's appellate brief that were not part of the trial court record.

{¶7} We will, however, briefly consider Lawrence's arguments and have grouped his claims into two categories:   (1) his claim that there was insufficient evidence to support his convictions and his convictions were against the manifest weight of the evidence and (2) his claim that the trial court did not have jurisdiction over the case.

{¶8} With regard to Lawrence's claim that there was insufficient evidence to support his convictions and his convictions were against the manifest weight of the evidence, he states his convictions were not valid, challenges the reliability of the radar gun, and questions the police officer's credibility.

{¶9} Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally adequate to support a verdict.   *State v. Thompkins*, 78 Ohio

St.3d 380, 386, 678 N.E.2d 541 (1997). Whether the evidence is legally sufficient to support a verdict is a question of law. *Id.*

**{¶10}** In determining whether the evidence is legally sufficient to support a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

**{¶11}** A manifest weight challenge questions whether the prosecution met its burden of persuasion. *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982). When considering a manifest weight challenge, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387. A judgment should be reversed as against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶12}** Officer Gillissie testified he was "running radar" while sitting on his police motorcycle. He observed a red vehicle going south on Pearl Road at a high rate of

speed. He used his handheld radar and "clocked" the car at 40 m.p.h. in a 25 m.p.h. zone. The officer testified that his handheld radar unit is a reliable machine that is calibrated before and after every shift. He also explained how the units are annually recertified.

{¶13} The officer testified that he had no doubt that he "clocked" the actual car he pulled over and, had he doubted which car it was, he would not have stopped Lawrence's car. The officer further testified that Lawrence was not wearing his seatbelt and he observed that he was not wearing his seatbelt twice: when Lawrence drove passed him and when he pulled the car over. The officer issued Lawrence a citation for speeding and for not wearing his seatbelt.

{¶14} In light of the above, we find that Lawrence's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence.

{¶15} Next, Lawrence argues that the trial court did not have jurisdiction over the case. We disagree.

{¶16} R.C. 1901.02 confers jurisdiction upon the Parma Municipal Court with jurisdiction of misdemeanors occurring within its territorial boundaries. In addition, pursuant to R.C. 1901.20, "[t]he municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * *." The court also has subject matter jurisdiction over the violation of any ordinance of the city of Parma. *See Mt. Vernon v. Young*, 5th Dist. Knox No. 2005CA000045, 2006-Ohio-3319, ¶ 57.

{¶17} It is undisputed that the offenses at issue in this case occurred in Parma, and,

therefore, were within the territorial jurisdiction of the Parma Municipal Court. Therefore, this claim has no merit.

**{¶18}** Accordingly, the assignments of error are overruled.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR.,   JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR