[Cite as *Garfield Hts. v. Foster*, 2016-Ohio-2834.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102965**

# CITY OF GARFIELD HEIGHTS

PLAINTIFF-APPELLEE

vs.

# ANTHONY C. FOSTER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Garfield Heights Municipal Court
Case No. TRD1501725

**BEFORE:** Keough, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 5, 2016

**APPELLANT**

Anthony C. Foster, pro se
15618 Scottsdale Boulevard
Shaker Heights, Ohio 44120


**ATTORNEY FOR APPELLEE**

Patrick J. Cooney
Prosecutor
City of Garfield Heights
5407 Turney Road
Garfield Heights, Ohio 44125

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Anthony C. Foster, appeals his conviction for speeding. For the reasons that follow, we affirm.

{¶2} On February 27, 2015, Foster was issued a traffic citation for speeding in violation of Garfield Heights Municipal Code 333.03, a misdemeanor of the first degree. The citation alleged that Foster was driving 51 m.p.h. in a 35 m.p.h. zone in the city of Garfield Heights, Ohio.

{¶3} Foster appeared at arraignment and stated to the court, "For the record I would like to reserve all my inherent, common law and constitutional rights. I'm making a special appearance here, and I'm challenging this court's jurisdiction and the status * * * and I move for immediate dismissal." (Tr. 1, March 11, 2015 arraignment). The magistrate entered a not guilty plea on Foster's behalf and scheduled his case for trial.

{¶4} On March 19, 2015, Foster appeared for trial and again asserted that he was only "making a special appearance" and was reserving his constitutional, inherent, and common law rights. The court noted that Foster was challenging the court's jurisdiction and proceeded with trial.

{¶5} Patrolman John Marks testified that he had been a police officer for the city of Garfield Heights, Ohio for 27 years. Marks testified that on February 27, 2015, while employed by the city and running radar from his zone car that was parked off Broadway

Avenue in the city of Garfield Heights, he observed a vehicle pass him at a speed that appeared in excess of the posted limit. Marks testified that based on the radar, the vehicle was traveling 51 m.p.h. in a 35 m.p.h. zone. Marks initiated a traffic stop of the vehicle, which was driven by Foster, and issued him a citation for speeding. According to Marks, the traffic stop occurred in the area of Broadway Avenue and East 131st Street in the city of Garfield Heights, Ohio.

{¶6} On cross-examination, Foster questioned Marks about whether he was a police officer or common law officer, what crime was committed, and whether there was loss of property or life. During closing arguments, Foster continued arguing that no crime was committed, and that the court had not established its jurisdiction over him.

{¶7} Following the trial, Foster was found guilty of speeding as charged and ordered to pay a $250 fine, plus court costs. The matter was stayed pending appeal.

{¶8} On appeal, Foster raises the following two assignments of error:

I. The trial court did err, not proving jurisdiction once challenged.

II. The trial court did err, denying [Foster's] motion to dismiss charges for lack of jurisdiction.

Because both of these assignments of error challenge the trial court's jurisdiction, they will be addressed together.

{¶9} Foster sought dismissal of the case against him for lack of jurisdiction. Insofar as Foster is asserting that the trial court lacked personal or subject matter jurisdiction over him because he is a "sovereign citizen," this argument lacks merit. This court and other courts have repeatedly rejected the "sovereign citizen" argument or

defense when challenging jurisdiction and have actually characterized such arguments as frivolous. *State v. Thigpen*, 8th Dist. Cuyahoga No. 99841, 2014-Ohio-207; *Dubose v. Kasich*, S.D. Ohio No. 2:11-CV-00071, 2013 U.S. Dist. LEXIS 6086,* 3 (Jan. 15, 2013); *State v. Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292. In fact, the Seventh Circuit advised that "these theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.2011). Accordingly, Foster's argument that the trial court lacked jurisdiction over him because he is a sovereign citizen is overruled.

{¶10} Upon review of the record, we find that jurisdiction was proper in the Garfield Heights Municipal Court. R.C. Chapter 1901 establishes the Garfield Heights Municipal Court. Pursuant to R.C. 1901.20(A)(1), a municipal court is authorized to adjudicate alleged violations of any misdemeanor committed within the limits of its territory. *See Parma v. Lawrence*, 8th Dist. Cuyahoga No. 100294, 2014-Ohio-2183, ¶ 16.

{¶11} Based on the record and evidence presented at trial, Foster was charged with speeding, a misdemeanor violation of Garfield Heights Municipal Code 333.03. At the time of the infraction and when the citation was issued, Foster was traveling within the city limits of Garfield Heights, Ohio. Because Foster committed his misdemeanor infraction within the municipal boundaries of the city of Garfield Heights, the proper jurisdiction for this matter is the Garfield Heights Municipal Court. Accordingly, the

trial court did not err in denying Foster's motion to dismiss for lack of jurisdiction. Foster's assignments of error are overruled.

{¶12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR