[Cite as *Wilmington Savs. Fund Soc., FSB v. Cordelia*, 2025-Ohio-5765.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

WILMINGTON SAVINGS FUND
SOCIETY, FSB,                                    :

      Plaintiff-Appellee,          :

                                 No. 115083

      v.                                         :

ELAINE CORDELIA, ET AL.,            :

      Defendants-Appellants.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 24, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-981053

---

***Appearances:***

Diaz Anselmo Lindberg, P.A., John R. Tarter, Jeffrey
Helms, and Paul Nalepka, *for appellee.*

Tyrone Williams, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Tyrone Williams ("Williams") pro se, appeals the trial court's judgment adopting the magistrate's decision granting foreclosure in favor of plaintiff-appellee Wilmington Savings Fund Society FSB, not in its

individual capacity, but solely as trustee for NLT 2021-Inv2 Trust ("Wilmington Savings").  He raises the following assignments of error for review:

> **Assignment of Error I:**  The trial court erred in failing to recognize the equitable and trust relationship between [Williams], as Executor and Beneficiary, and [Wilmington Savings], as Trustee of NLT 2021-INV2 TRUST.

> **Assignment of Error II:**   The trial court erred by ignoring established equitable principles, trust maxims, and Supreme Court precedent that mandate full and fair recognition of private trust relationships and lawful tender.

> **Assignment of Error III:**  The trial court committed reversible error by failing to acknowledge and enter into [the] record the private tender submissions — lawful negotiable instruments, USPS money orders, and affidavits of discharge — accepted by the clerk's office, thus violating the due process and equity principles.  Forcing [Williams] to file Private tender on the record.

> **Assignment of Error IV:**  The trial court erred by proceeding with foreclosure and permitting a foreclosure sale despite the pendency of a lawful appeal, an allodial deed of trust, and a valid bill in equity for subrogation.

{¶ 2}    For the reasons set forth below, we affirm.

## I.  Facts and Procedural History

{¶ 3}    This foreclosure case stems from an August 2021 mortgage loan made by Wilmington Savings to Elaine Cordelia Enterprise, Inc., by and through Williams as its president and guaranty, in the original principal amount of $150,000.[1]  The loan is evidenced by a note and a mortgage and is secured by the property known as

---

[1] We note that ultimately the trial court entered default judgment against Elaine Cordelia Enterprise, Inc., and an appeal by Elaine Cordelia Enterprise, Inc., has not been filed as the date of this opinion.

1448 E. 116th Street, Cleveland, OH 44106 ("property"). Wilmington Savings alleges that it is the holder of the mortgage and note and Elaine Cordelia Enterprise, Inc. and Williams did not pay the note. Wilmington Savings further alleges that as guaranty, Williams owes it $148,703.33, plus interest at the rate of 4.92 percent per annum from April 1, 2022. In response, Williams filed a pro se answer alleging that the case is moot because he tendered payment in full to Wilmington Savings.

{¶ 4} In November 2024, Wilmington Savings sought summary judgment on its claims, arguing that (1) it is the holder of the note and assignee of the mortgage; (2) there has been a default under the terms of the note and mortgage; (3) it properly accelerated the debt, and established the amount due and owing; and (4) Williams is liable to it for the amount due on the loan. In his opposition, Williams stated that he is an "implied surety" and "a private Moorish-American National, not the legal corporate fiction, not any non-living entity and not the debtor. And not subject to statutory codes or color of law." [2] (Williams's opposition to summary judgment, Dec. 1, 2024.) Williams agreed that there is a default but only because Wilmington Savings "did not properly input the negotiable instruments[.]" (Williams's opposition to summary judgment, Dec. 1, 2024.)

{¶ 5} On March 11, 2025, the magistrate issued an order granting Wilmington Savings's motion for summary judgment. The court rejected all of

---

[2] We further note that Williams filed numerous pleadings in the trial court in which he identified himself as "TWilliams El Bey Ex Rel authorized User & TMcClain ElBey Rel authorized User Subrogee, Implies Surety, Beneficiary, Next Friend, Counsel, Minister and Trustee Pre Proc for defendant/primary debtor" and describes himself as a "Moorish-American National" or a "American State National."

Williams's arguments and stated that a "decision detailing the rights and liabilities of the parties to issue forthwith." (Magistrate's order, Mar. 11, 2025.) That same day, Williams filed an "objection to magistrate summary judgment and demand for jury trial," which Wilmington Savings opposed. (Williams objections, Mar. 11, 2025.) In his objections, Williams argued that (1) the trial court lacks judicial authority and its ruling violates fundamental constitutional rights; (2) the trial court lacks jurisdiction because he is a "American State National" who has not consented to the court's jurisdiction; (3) the magistrate's decision is unlawful because he holds an "allodial title," which is free from all liens and encumbrances; (4) the magistrate's decision enables fraudulent accounting practices because it does not recognize that he "paid" his mortgage debt by tendering a "negotiable instrument" to Wilmington Savings; and (5) the court improperly denied his demand for a jury trial, which violates due process. (Williams objections, Mar. 11, 2025.)

{¶ 6} Two days later, on March 13, 2025, the magistrate issued her full decision. Williams did not file any objections to this decision. On April 21, 2025, the trial court specifically overruled all of Williams's objections and adopted the magistrate's decision finding that there is no genuine issue of material fact and Wilmington Savings is entitled to judgment and a foreclosure decree as a matter of law.

{¶ 7} It is from this order that Williams now appeals, raising four assignments of error for review, which shall be addressed together because they are interrelated.

## II. Law and Analysis

{¶ 8} As an initial matter, we must address Wilmington Savings' contention that Williams's entire argument is waived because he did not file objections to the magistrate's decision issued on March 13, 2025. Wilmington Savings further argues that the plain-error doctrine does not apply because Williams did not invoke "plain error" on appeal. While we acknowledge that when a party fails to file objections to a magistrate's decision as required by Civ.R. 53(D), the party has waived that issue for purposes of appeal, we do not find that this is the case in the matter before us.

{¶ 9} Here, Williams objected to the magistrate's March 11, 2025 order granting Wilmington Savings summary judgment and not to the magistrate's decision issued on March 13, 2025. The trial court, however, when adopting the magistrate's decision, stated that it reviewed all of Williams's objections and specifically overruled them. It was within the trial court's province to manage its docket, and accept and review Williams's objections. As a result, we will likewise review the objections as if they were filed in response to the magistrate's decision issued on March 13, and proceed to address Williams's arguments.

{¶ 10} Within his four assigned errors, Williams challenges the trial court's grant of foreclosure and requests that the matter be remanded for "proper equitable adjudication[.]" (Williams's brief, p. 7.)

{¶ 11} An appellate court reviews the grant or denial of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). In a de novo review, this court affords no deference to the trial court's decision and

independently reviews the record to determine whether the denial of summary judgment is appropriate. *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 12 (8th Dist.).

{¶ 12} Summary judgment is appropriate if (1) no genuine issue of any material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Id.*, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217 (1994). The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).

{¶ 13} Williams contends that trial court erred by failing to recognize that a "trust jurisdiction" relationship that exists between him and Wilmington Savings; acknowledge his "legal tender" submissions." He further argues the court erred by permitting a foreclosure sale despite his "allolial deed," which is free from liens and encumbrances, and the trial court violated due process by permitting foreclosure during the pendency of an appeal. The essence of Williams's argument in the trial court and on appeal is that the trial court lacks judicial authority, he is not subject to the statutory codes applied in this case because he is an "American State National" or "Moorish-American National," and he has not consented to the court's jurisdiction.

{¶ 14} Wilmington Savings recognizes this and argues that instead of presenting facts demonstrating the existence of a genuine issue of material fact, Williams offers sovereign citizen or Moorish national arguments that have been rejected by this court. We agree, and while Williams does not explicitly describe himself as a "sovereign citizen," he does describe himself as an "Moorish-American National," which has been grouped with "'meritless rhetoric frequently espoused by tax protestors, sovereign citizens, and self-proclaimed Moorish-Americans.'" *SoFi Lending Corp. v. Williams*, 2024-Ohio-1166, ¶ 20 (8th Dist.), citing *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases).

{¶ 15} This court has rejected similar challenges based on "sovereign citizen" or "sovereign nation" arguments and such arguments "have been repeatedly dismissed as 'frivolous' and undeserving of significant discussion by numerous Ohio and federal courts." *SoFi Lending Corp.* at ¶ 20, citing *State v. Thigpen*, 2014-Ohio-207, ¶ 39 (8th Dist.) ("Thigpen's arguments are frivolous and have been held to be delay tactics."); *State v. Few*, 2015-Ohio-2292, ¶ 6 (2d Dist.) (finding "sovereign citizen" arguments "wholly frivolous"); and *People of the Republic United States ex rel. Goldsmith v. Schreier, D.S.D.*, 2012 U.S. Dist. LEXIS 131987, *10 (S.D. S.D. 2012) (citations omitted) ("Other courts have noted the sovereign citizen theory has been consistently rejected and in addition to meritless and patently frivolous, the theory has been referred to as nonsensical, gibberish, and having no conceivable validity in American Law.") *See also Shaker Hts. v. El-Bey*, 2017-Ohio-929, ¶ 6 (8th Dist.), citing *State v. Wyley*, 2016-Ohio-1118, ¶ 6-7, 11-12 (8th Dist.); *Garfield Hts.*

*v. Foster*, 2016-Ohio-2834, ¶ 9 (8th Dist.); *Few*; *State v. Blacker*, 2009-Ohio-5519, ¶ 7-10 (12th Dist.); *St. Paris v. Galluzzo*, 2015-Ohio-3385, ¶ 46 (2d Dist.); *State v. Matthews*, 2016-Ohio-5055, ¶ 3-6 (2d Dist.); *Friend v. Schatzman*, 2015 U.S. Dist. LEXIS 36332, *3-5 (M.D.N.C. 2015).

{¶ 16} In accordance with numerous state and federal precedents, we summarily reject Williams's arguments. We do not find that a genuine issue of material fact exists. Wilmington Savings established that it is the holder of the note and mortgage, there has been a default, Wilmington Savings properly accelerated the debt, and Williams is liable to it for the amount due on the loan. The trial court properly granted Wilmington Savings summary judgment on its foreclosure action.

{¶ 17} Thus, based on the foregoing, all four assignments of error are overruled.

{¶ 18} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR