HOLLINS et al., Appellees,

v.

SHAFFER et al., Appellants.

[Cite as *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91639.

Decided May 7, 2009.

284

Paul Mancino Jr. and Carol A. DeRose, for appellees.

John H. Gibbon, Cleveland Director of Law; and Nicola, Gudbranson & Cooper and James L. Juliano Jr., for appellants.

MELODY J. STEWART, Judge.

{¶ 1} Defendants-appellants, police officer Theodore Shaffer and the city of Cleveland Heights (jointly referred to as "the city"), appeal the trial court's decision denying their joint motion for summary judgment on the claim that they are immune from liability under R.C. 2744.02(C). The city assigns three errors for our review. For the reasons stated below, we reverse the trial court's judgment and remand the matter for further proceedings in accordance with this opinion.

{¶ 2} Briefly stated, the pertinent facts are as follows:

{¶ 3} On August 22, 2004, Cleveland Heights police officer Theodore Shaffer collided with a car in which appellees, Pamela Hollins and Tavion Hollins, were

passengers. On August 11, 2006, appellees filed a personal-injury suit against Shaffer and the city. In the suit, appellees alleged that officer Shaffer operated the police cruiser negligently, recklessly, and with willful and wanton disregard for the safety of others. Appellees also alleged that Shaffer was not responding to an emergency call and that as a result of his negligence, appellees sustained permanent bodily injuries.

{¶ 4} The city filed its answer on August 30, 2006. On October 15, 2007, the city moved the court for summary judgment on all claims on the grounds that they were immune from liability pursuant to R.C. 2744. On October 24, 2007, appellees filed a motion to stay the proceedings pending this court's decision in a separate case arising out of the same automobile collision, *Hubbard v. Shaffer,* Cuyahoga App. No. 89870, 2008-Ohio-1940, 2008 WL 1822401. The trial court granted appellees' request and stayed this case pending the decision in *Hubbard.* The trial court ordered appellees to respond to the city's summary-judgment motion within 30 days of the appellate decision in *Hubbard.*

{¶ 5} The *Hubbard* decision, issued by this court on April 24, 2008, affirmed the trial court's denial of Shaffer and the city of Cleveland Heights' joint motion for summary judgment on the issue of sovereign immunity. The decision found that based on the evidence before the trial court, there existed genuine issues of material fact as to whether officer Shaffer was responding to an emergency call and whether his actions amounted to wanton, willful, or reckless misconduct. *Hubbard v. Shaffer,* Cuyahoga App. No. 89870, 2008-Ohio-1940, 2008 WL 1822401, ¶ 38.

{¶ 6} On the same date *Hubbard* was decided, the trial court in this case granted the city leave to file a reply brief in support of their joint motion for summary judgment. On May 14, 2008, ten days before appellees' response to the city's motion was due, the trial court issued an order stating that the city's motion for summary judgment was "denied consistent with the Court of Appeals ruling in *Hubbard v. Shaffer* [2008-Ohio-1940]." Because appellees did not have an opportunity to file their response before the court ruled, the record before the court on May 14, 2008, consisted only of the pleadings, the city's motion, and the evidentiary materials filed by the city with its motion.

{¶ 7} The city timely appealed the trial court's judgment, raising the following assignments of error:

{¶ 8} "I. The trial court erred in relying on a non-binding decision in a separate case as its sole basis for denying appellants' motion for summary judgment, when that reliance was tantamount to relying on evidence outside the evidentiary record.

{¶ 9} "II. The trial court violated appellants' due process rights when it denied appellants' motion for summary judgment before appellants could file a reply brief, after previously granting leave for appellants to file a reply brief.

{¶ 10} "III. The trial court erred when it denied summary judgment to appellants, because the evidence viewed in the light most favorable to appellees demonstrated that appellants are entitled to immunity from liability pursuant to Chapter 2744 of the Revised Code."

{¶ 11} Generally, the denial of summary judgment is not a final, appealable order subject to review by this court. However, the Ohio Supreme Court held in *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, that an order that denies a political subdivision immunity under R.C. Chapter 2744 is a final, appealable order. Therefore, the city's appeal is properly before this court.

{¶ 12} An appellate court reviews the granting of summary judgment under a de novo standard. No deference is afforded to the trial court's decision, and we independently review the record to determine whether summary judgment is appropriate.

{¶ 13} Summary judgment is appropriate when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196. The only evidence to be considered in deciding summary judgment is that found in the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C).

{¶ 14} The party moving for summary judgment carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party does meet this burden, the nonmoving party must then rebut with specific facts showing the existence of a genuine issue of material fact. The nonmoving party may not rest on the mere allegations or denials of her pleadings. Id.

{¶ 15} Civ.R. 56(E) provides that the response of the party adverse to the motion for summary judgment must "by affidavit or as otherwise provided in this rule," set forth "specific facts showing that there is a genuine issue for trial." If

the opposing party does not so respond, "summary judgment, if appropriate, shall be entered against the party." Id.

{¶ 16} The city moved for summary judgment on the grounds that it is statutorily immune from liability pursuant to R.C. Chapter 2744 because Officer Shaffer was responding to an emergency call and did not act wantonly, willfully, or recklessly. The city supported its motion with affidavits and deposition testimony. Appellees filed their brief in opposition with supporting evidence subsequent to the court's ruling, but within 30 days of the *Hubbard* decision.

{¶ 17} In the first two assignments of error, the city asserts that the trial court improperly relied upon the *Hubbard* decision rather than deciding their motion based upon the record before it. They argue that none of the evidence relied upon by the *Hubbard* court was in the record before the trial court when it ruled and that their joint motion for summary judgment was supported by additional evidence that was not considered by the *Hubbard* court. Additionally, they argue that the premature ruling denied them an opportunity to object to appellees' evidentiary materials and to file the reply brief they were given leave to file. We find merit to the city's arguments.

{¶ 18} "Civ.R. 56(C) places a clear duty on a trial court to examine all appropriate materials filed by the parties before it when ruling on a motion for summary judgment." *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358, 604 N.E.2d 138. A trial court's failure to comply with the mandates of Civ.R. 56(C) constitutes reversible error. Id.

{¶ 19} It is not clear from the record whether the trial court considered the substance of the city's motion and the supporting materials filed with it. The trial court's language in the order denying summary judgment, and the fact that the only materials properly before the trial court at the time of its ruling were the city's, suggests not.

{¶ 20} It appears, therefore, that the trial court's ruling was premature. The trial court stated that it was denying the city's motion "consistent with" the *Hubbard* decision. However, in *Hubbard*, the trial court had before it some evidence in opposition to the city's motion. This evidence included deposition testimony and witness statements that were not before the trial court in the instant case when it made its decision.

{¶ 21} We are not persuaded by appellees' argument that the trial court's premature ruling is "much ado about nothing" or by their assertion that the same evidence was submitted with their brief in opposition and is a part of the record. Neither do we find merit to appellees' assertions that res judicata applies or that the result would be the same whether the trial court considered the later-filed briefs or did not consider them. In the instant case, the city asserts that it

submitted additional evidence in support of its motion that was not before the *Hubbard* trial court. Whether this evidence is sufficient to establish that the city is entitled to summary judgment on the issue of immunity as a matter of law remains to be determined by the trial court upon an independent review of the complete record.

■ {¶ 22} Rather than reviewing for ourselves the evidence submitted by appellees with their after-filed brief, we must remand this case. "A reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court. * * * [Civ.R. 56(C) ] mandates that the trial court make the initial determination whether to award summary judgment; the trial court's function cannot be replaced by an 'independent' review of an appellate court." *Murphy,* 65 Ohio St.3d at 360, 604 N.E.2d 138.

{¶ 23} This is especially true in this case where the city has argued that the evidentiary materials submitted by appellees with their brief in opposition to summary judgment are deficient under Civ.R. 56(C) and, therefore, inadmissible. The admission or exclusion of evidence rests generally within the sound discretion of the trial court, and a reviewing court may reverse the decision only upon the showing of an abuse of that discretion. See *Wightman v. Consol. Rail Corp.* (1999), 86 Ohio St.3d 431, 437, 715 N.E.2d 546; *Peters v. Ohio State Lottery Comm.* (1992), 63 Ohio St.3d 296, 299, 587 N.E.2d 290. Until the trial court exercises its discretion and rules on these evidentiary issues, there is nothing for this court to review. Due process requires that the city be permitted to preserve its objections and develop a complete record for appeal.

{¶ 24} Accordingly, the first two assignments of error are sustained.

■ {¶ 25} In the third assignment of error, the city asserts that we should base our review of the trial court's judgment solely upon their motion and the evidentiary materials filed with it. We find that it would be manifestly unfair for us to review the validity of their summary-judgment motion as an unopposed motion under Civ.R. 56(E) when the record demonstrates that appellees filed their opposition within the time limitations set by the trial court. Therefore, the city's third assignment of error is overruled.

{¶ 26} In *Hubbell,* the court stated: "A court of appeals must exercise jurisdiction over an appeal of a trial court's decision overruling a Civ.R. 56(C) motion for summary judgment in which a political subdivision or its employee seeks immunity. Absent some other procedural obstacle, a court of appeals must conduct a de novo review of the law and facts." 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 21. In the instant case, we find that the trial court's

premature ruling on the city's motion constitutes a procedural obstacle that prevents a de novo review of the law and facts at this time. This case, therefore, must be remanded to the trial court to exercise its clear duty to review all of the appropriate materials filed by the parties prior to ruling on the city's motion for summary judgment.

{¶ 27} The judgment is reversed, and the cause is remanded for further proceeding consistent with this opinion.

Judgment reversed
and cause remanded.

KILBANE, P.J., concurs.

MCMONAGLE, J., concurs separately.

CHRISTINE T. MCMONAGLE, Judge, concurring.

{¶ 28} This matter finds itself in its present awkward circumstance due to the fact that the trial courts failed to consolidate two companion cases. *Hubbard v. Shaffer*[1] was filed August 2, 2006 and bears Cuyahoga County Court of Common Pleas case No. CV–597728. *Hollins v. Shaffer* was filed August 11, 2006 and bears Cuyahoga County Court of Common Pleas case No. CV–598590. Hubbard and Hollins were backseat passengers in an automobile accident they allege was caused by Cleveland Heights Patrolman Theodore Shaffer. Hubbard and Hollins are represented by separate counsel. Motions for summary judgment on the issue of governmental immunity were filed by Cleveland Heights in both cases; however, they are not identical. As we have held above, the trial court in *Hollins* cannot prophylactically apply our finding in *Hubbard* (that there is a material issue of fact as to whether defendant is immune from suit) to *Hollins*; the trial court must particularly analyze the evidence before it and render its own conclusion. While our finding in *Hubbard* may inform the court's conclusion, it does not compel it.

{¶ 29} I write separately here only to underscore Rule 15(H) of the Local Rules of Cuyahoga County Common Pleas Court, which reads as follows: "Pursuant to Civil Rule 42, when actions involving a common question of law and fact are pending in th[e] Court, upon motion by any party, the Court may order a joint trial of any or all of the matters in issue; it may order all or some of the actions consolidated; and it may make such orders concerning proceedings as may tend to reduce unnecessary costs or delay."[2]

---

1. Eighth District Court of Appeals Case No. 89870.

2. The dockets in both *Hubbard* and *Hollins* reveal no such motion filed, although counsel indicated at oral argument that a request was made orally to the judge presiding over the lower-numbered case, and the request was denied.

{¶ 30} "The motion for consolidation shall be filed in all actions for which consolidation is sought. All Judges involved in the consolidation motion shall confer in an effort to expedite the ruling. The Judge who has the lower or lowest numbered case shall rule on the motion. In the event that the Judges cannot agree, the motions shall be referred to the Administrative Judge for ruling."

{¶ 31} As this case amply illustrates, the issue of whether cases should be consolidated involves something much more significant than which judge gets rid of a case and which judge gets an extra case. Loc.R. 15(H) is not about the docket of any individual judge; rather, it is about fairness and consistency. It goes without citation that similarly situated persons should be treated similarly. Fairness and consistency do not prevail when identical liability issues arising from the same incident are handled by different judges at different times, or when one party gets a "second bite of the apple" by virtue of the bifurcation.