[Cite as *Nemcek v. Northeast Ohio Regional Sewer Dist.*, 2012-Ohio-5516.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98431**

## THOMAS NEMCEK

PLAINTIFF-APPELLANT

vs.

## NORTHEAST OHIO REGIONAL SEWER DISTRICT, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-755787

**BEFORE:** S. Gallagher, J., Sweeney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 29, 2012

**ATTORNEY FOR APPELLANT**

Patrick M. Farrell
Patrick M. Farrell Co., LPA
600 E. Granger Road, 2nd Floor
Brooklyn Heights, OH   44131

**ATTORNEYS FOR APPELLEES**

Warren Rosman
John S. Kluznik
Weston Hurd LLP
Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH   44114

Marlene Sundheimer
Director of Law
Lawrence K. English
Regina M. Massetti
Assistant Directors of Law
N.E.O.R.S.D.
3900 Euclid Avenue
Cleveland, OH   44115

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff-appellant, Thomas Nemcek, appeals the judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment on a hostile-work-environment claim in favor of defendants-appellees, Northeast Ohio Regional Sewer District ("NEORSD"), et al. For the reasons stated herein, we affirm.

{¶2} Nemcek was employed by NEORSD from February 1978 until June 2010. From September 1987 until his departure, he was employed as a shift supervisor at NEORSD's Southerly Wastewater Treatment Plant. During the latter part of his employment, Nemcek applied for more than 20 shift-manager positions, but he was not awarded any of these positions. He claims he was subjected to unwelcome verbal conduct and harassment by management members of NEORSD.

{¶3} On May 20, 2011, Nemcek filed a complaint against NEORSD and several individual employees of NEORSD.[1] Nemcek alleged claims for hostile work environment and age discrimination. Thereafter, Nemcek elected to bring his age-discrimination claim under R.C. 4112.14, rather than R.C. 4112.02(N).[2]

---

[1] The named employees included Julius Ciaccia, Jr., Michael Bucci, David McNeely, Raymond Weeden, Lawrence Cinadr, John Augustine, Terry Robinson, Terry Meister, Tom Wohlfeil, and George Schur. Defendants Meister and Wohlfeil were later dismissed from the action for failure of service and lack of personal jurisdiction.

[2] We note that R.C. 4112.14 is governed by a six-year statute of limitations, while R.C. 4112.02(N) is governed by a 180-day statute of limitations.

{¶4} Upon defendants' motion, the trial court dismissed the age-discrimination claim on November 30, 2011. Subsequently, the court issued a nunc pro tunc entry on January 9, 2012. The trial court found that the age-discrimination claim failed as a matter of law because it was based on the denial of a promotion and the scope of R.C. 4112.14 is restricted to hirings or firings.

{¶5} After the close of discovery, defendants filed a motion for summary judgment on the hostile-work-environment claim. Nemcek filed a motion to compel discovery and for sanctions and submitted a brief in opposition to the motion for summary judgment. The trial court denied Nemcek's motion to compel discovery and for sanctions. On May 3, 2012, the trial court granted summary judgment in favor of defendants. The court found in relevant part:

> Although [Nemcek] is a member of a protected class (age), [he] has failed to prove the necessary elements to establish a claim under R.C. 4112. It is clear from the evidence submitted by the parties, that plaintiff was not subjected to ridicule, harassment or insults based on age * * * . Furthermore, * * * a reasonable person would not find the alleged acts by the defendants to be hostile or abusive.

{¶6} Nemcek timely filed this appeal. He raises two assignments of error for our review. His first assignment of error challenges the trial court's decision to deny his motion to compel discovery.

{¶7} We review the denial of a motion to compel discovery for an abuse of discretion. *State ex rel. V Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 1998-Ohio-329, 692 N.E.2d 198. An abuse of discretion requires an unreasonable, arbitrary, or unconscionable decision. *Id.*

{¶8} "Ohio has a liberal discovery policy which, subject to privilege, enables opposing parties to obtain from each other all evidence that is material, relevant and competent, notwithstanding its admissibility at trial." *Fletcher v. Nationwide Mut. Ins. Co.*, 2d Dist. No. 02CA1599, 2003-Ohio-3038, ¶ 14, citing Civ.R. 26(B)(1). While discovery should be liberally allowed, a trial court is vested with broad discretion in discovery matters. *Roe v. Planned Parenthood S.W. Ohio Region*, 122 Ohio St.3d 399, 2009-Ohio-2973, 912 N.E.2d 61, ¶ 82. Moreover, a trial court has discretion to limit pretrial discovery to prevent an abuse of the discovery process. *Arnold v. Am. Natl. Red Cross*, 93 Ohio App.3d 564, 575, 639 N.E.2d 484 (8th Dist.1994).

{¶9} In his motion to compel, Nemcek sought to compel appellees to answer all questions asked during the defendants' depositions. Nemcek claimed that defense counsel directed his clients not to answer certain questions posed during the depositions and also refused to provide some information discovered during the course of the depositions.

{¶10} A review of the questioning reflects that defense counsel objected to certain questions on the grounds that they were irrelevant and unrelated to the remaining harassment claim. The questions primarily pertained to the qualifications and experience of the candidates awarded positions for which Nemcek had applied, and the criteria and considerations for awarding the positions. While the best approach is to liberally allow questions and answers related to the topic at hand, the subject questions here dealt with the age discrimination claim that had been dismissed by the court.

{¶11} Nonetheless, Nemcek argues that defense counsel committed certain discovery violations and prevented the discovery of relevant evidence. However, he fails to show how the proffered questions were relevant to the establishment of his hostile-work-environment claim. Furthermore, the record reflects that the depositions were completed on March 1, 2012, yet Nemcek waited over a month to file his motion to compel, which was also after the defendants' motion for summary judgment had been filed.

{¶12} Civ.R. 26(B), which sets forth the scope of discovery, provides that in general, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *." Because Nemcek failed to demonstrate the relevance of the objected matter, we find no abuse of discretion by the trial court. *See Baynard v. Oakwood Village,* 8th Dist. No. 71711, 1997 Ohio App. LEXIS 4652 (Oct. 16, 1997). Nemcek's first assignment of error is overruled.

{¶13} Nemcek's second assignment of error challenges the trial court's decision to grant summary judgment in favor of the defendants. Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.). Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that

(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.

*State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶14}** To establish a claim under R.C. Chapter 4111 for hostile work environment, a plaintiff must establish:  (1) the employee was a member of a protected class; (2) the employee was subjected to unwelcome harassment; (3) the harassment was based on the employee's status as a member of a protected class; (4) the harassment had the purpose or effect of unreasonably interfering with the employee's work performance or creating an intimidating, hostile, or offensive work environment; and (5) the existence of respondeat superior liability.  *Simmons-Means v. Cuyahoga Cty. Dept. of Justice Affairs*, 8th Dist. No. 87303, 2006-Ohio-4123, ¶ 22.  A hostile work environment exists "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' * * * that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993), quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).  For there to be an actionable claim, a hostile work environment "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did

perceive to be so." *Faragher v. Boca Raton*, 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), citing *Harris* at 21-22. Furthermore, "no matter how severe or pervasive the conduct, harassment does not constitute a discriminatory practice under R.C. 4112.02(A) unless based on a prohibited classification." *Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St.3d 169, 184-185, 2000-Ohio-128, 729 N.E.2d 726.

{¶15} Nemcek states that he is a member of a protected class because of his age. He claims he was subjected to unwelcome verbal conduct and harassment by appellees. Nemcek asserts that he was denied a promotion over 20 times during the latter part of his career and that he was equally, if not more, qualified than those promoted over him. He argues that there were several instances in which appellees urged him to get further education or take further hours of continuing education to enhance his chances for promotion. He also claims he was excluded from management classes that were offered. Further, he states that he was told to get a bachelor's degree when he was near the age of 60, yet younger persons were promoted without bachelor's degrees. Among other conduct, the alleged harassment also included being told he had no chance of becoming a shift manager, being called a union steward when he had not held that position in years, being told he had deficiencies without being told what the deficiencies were, and not being responded to when he inquired about what he could improve upon. Nemcek also argues his claims of a hostile-work-environment were never addressed by appellees, despite being repeatedly raised.

**{¶16}** A review of Nemcek's compiled list of alleged harassing conduct does not show any actions that a reasonable person would find hostile or abusive. Nor does the evidence show that the alleged harassment, which spanned several years, was severe or pervasive, or permeated the workplace. In large part, the complained conduct reflects Nemcek's dissatisfaction with appellees' actions in promoting others over him and with their responses to his efforts to obtain a shift-manager position.

**{¶17}** Additionally, there was no evidence that Nemcek was harassed based on any protected status. As appellees argue, there were no statements made concerning Nemcek's age. More significantly, while Nemcek may have been dissatisfied with the actions of appellees and frustrated by his failure to be awarded a shift-manager position, there is an utter lack of evidence that the complained conduct occurred because of Nemcek's age. To the contrary, there was evidence concerning Nemcek's workplace performance and his communication issues to explain why he was not deemed a viable candidate for a promotion.

**{¶18}** Because there is no genuine issue of fact regarding Nemcek's hostile-work-environment claim, the trial court properly granted summary judgment in favor of appellees. Nemcek's second assignment of error is overruled.

**{¶19}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KENNETH A. ROCCO, J., CONCUR