[Cite as *Montgomery v. Vargo*, 2018-Ohio-742.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105525

---

# SIMON C. MONTGOMERY, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

# DONALD VARGO

### DEFENDANT-APPELLEE

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-870827

**BEFORE:** Jones, J., Keough, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 1, 2018

**ATTORNEY FOR APPELLANTS**

Daniel S. White
34 Parmelee Drive
Hudson, Ohio 44236


**ATTORNEY FOR APPELLEE**

Jason Wolfe
16646 Timberline Drive
Strongsville, Ohio 44136

LARRY A. JONES, SR., J.:

{¶1} In this appeal, we consider the second case initiated by plaintiffs-appellants, Simon and Bettina Montgomery, relative to their purchase of a home from defendant-appellee, Donald Vargo. Vargo filed a motion for summary judgment on the ground of res judicata, and the trial court granted the motion. In their sole assignment of error, the Montgomerys contend that the trial court committed reversible error in granting Vargo's motion for summary judgment. For the reasons that follow, we affirm.

{¶2} The record demonstrates that the Montgomerys purchased the home, located on Brookdale Avenue in Brook Park, Ohio, "as is," in December 2011. *Montgomery v. Vargo*, 8th Dist. Cuyahoga No. 102830, 2016-Ohio-809, ¶ 2, 5 ("*Vargo I*"). The first litigation relating to the sale of the property occurred in 2013 in the Berea Municipal Court. *Id.* at ¶ 1, 2. In that action, the Montgomerys contended that Vargo failed to disclose on the residential property disclosure form the existence of a material defect relating to a renovation Vargo had done to the house that resulted in the removal of a chimney and fireplace. *Id.* at ¶ 4. Specifically, the Montgomerys claimed that they suffered damages because of a leak in a flat roof that was installed during renovations to the house. *Id.* at ¶ 2.

{¶3} The case was tried to a magistrate, who found that even though the house was purchased "as is," Vargo should have disclosed the removal of the chimney and fireplace; the court awarded the Montgomerys $1,500 in damages. *Id.* at ¶ 5. Vargo appealed,

contending that the removal of the chimney and fireplace was unrelated to the defect with the roof. *Id.* This court agreed. *Id.* at ¶ 9.

**{¶4}** In reversing the trial court's judgment, this court found that there had been two renovations done to the house: the first was done before Vargo owned it, and involved adding the flat roof, and the second was done during Vargo's ownership, and involved the removal of the chimney and fireplace. *Id.* at ¶ 2, 3. This court found that "[t]here was **no** evidence that the separation of the chimney caused any damage to the building, that the separation was caused by a latent defect in the structure of the building, or that the roof was repaired or in need of repair after the chimney was removed" and that "there was **no** evidence that the rotted roof was even remotely related to the removal of the fireplace * * * or the chimney attached to the side of the house." (Emphasis sic.) *Id.* at ¶ 3, 9.

**{¶5}** After this court's decision in *Vargo I* was issued in March 2016, the Montgomerys filed the instant case against Vargo in October 2016. They asserted claims for relief based on fraudulent inducement, fraud and mutual mistake of fact. The gravamen of their complaint was that Vargo had failed to disclose that the basement was prone to flooding. In paragraph 16 of their complaint, the Montgomerys alleged that, "[s]hortly after moving into the property, [they] began experiencing severe problems related to water infiltration in their basement." According to the Montgomerys, the issues with water in their basement caused problems with the foundation, basement, crawl space, floors and interior and exterior walls.

**{¶6}** Attached to the complaint was the residential property disclosure form that

was completed by Vargo prior to the sale of the home. Section D of the form, "water intrusion," asked "[d]o you know of any previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement or crawl space?" Vargo answered, "[y]es," and explained "when home was purchased there was moisture in the basement. Gutters were fixed and drive drain replaced."

{¶7} Section D further asked, "[d]o you know of any water or moisture related damage to floors, walls or ceilings as a result of flooding; moisture seepage; moisture condensation; ice damming; sewer overflow/backup; or leaking pipes, plumbing fixtures, or appliances?" Again, Vargo answered "[y]es," and gave the following explanation: "minor moisture in garage during heavy rain."

{¶8} Section E inquired about knowledge of problems with structural components, that is, the foundation, basement/crawl space, floors, or interior and exterior walls. Vargo indicated that he did not have knowledge of any problems in those areas. Section J inquired about knowledge of any "flooding, drainage, settling or grading or erosion problems affecting the property."[1] Vargo also answered that he did not have knowledge of any problems in those areas.

{¶9} Vargo filed a motion for summary judgment, contending that the Montgomerys' claims in this action were barred under the doctrine of res judicata. The

---

[1]The complaint refers to Section K, but it is clear that is a typographical error and the relevant section is Section J.

Montgomerys opposed the motion, contending that this action was "completely different" from *Vargo I*, which had "nothing whatsoever to do with flooding in the basement" of the house. They further contended, and Simon Montgomery averred in an affidavit, that they were "not aware of [Vargo's] knowledge about the problems with flooding in the basement at this property until January 28, 2015."

{¶10} The trial court granted Vargo's motion for summary judgment. The court found that the Montgomerys "plainly could have raised the issue of flooding in the earlier case, as the crux of that dispute was the physical condition of the home. [Simon] himself was aware of the flooding 'shortly after moving into the property.'" The court further found that "Vargo disclosed to the Montgomery[s] his knowledge of moisture in the basement on the Residential Property Disclosure Form dated Oct. 24, 2011, a document central to the litigation of [*Vargo I*.]" The Montgomerys now challenge the trial court's decision.

{¶11} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio- 4559, 833 N.E.2d 712, ¶ 8. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶12 (8th Dist.).

{¶12} Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that

> (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.

*State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶13}** The doctrine of res judicata "promotes principles of finality and judicial economy by preventing endless relitigation of an issue upon which there was already a full or fair opportunity to be heard." (Citations omitted.) *Daniel v. Williams*, 10th Dist. Franklin No. 13AP-155, 2014-Ohio-273, ¶ 18. For the doctrine to apply, it must be demonstrated that: (1) there was a prior valid judgment on the merits; (2) the present action involves the same parties as the prior action (or the parties in the present action are in privity with the parties in the prior action); (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence. (Citations omitted.) *Id.*

**{¶14}** Upon review, we agree with the trial court that the Montgomerys' claims are barred under the doctrine of res judicata. In both actions — *Vargo I* and here — the Montgomerys complained about the condition of the home, and the actions involve the same parties. The actions both arose out of Vargo's representations on the residential property disclosure form. And, by the Montgomerys' own admission in their complaint, "[s]hortly after moving into the property, [they] began to experience severe problems

related to water infiltration in their basement." Thus, they were aware of the alleged problem at the time they filed *Vargo I*, for which a valid judgment on the merits was rendered.

{¶15} We note, however, an inaccurate statement in the trial court's judgment entry granting Vargo's motion for summary judgment.

{¶16} In opposing Vargo's summary judgment motion, the Montgomerys argued that the doctrine of res judicata was inapplicable. In support of their position, they attached an affidavit of Simon Montgomery to their brief in opposition. In his affidavit, Simon averred, in relevant part,

> 2. The problem that gave rise to the instant lawsuit concerning flooding in the basement involved a situation in which [Vargo] failed to make repairs and report the damages of which he was aware, and he also concealed these problems in the instant lawsuit by painting over them and covering them with drywall; and

> 3. I was not aware of [Vargo's] knowledge about the problems with flooding in the basement at this property until January 28, 2015.

{¶17} In other words, the Montgomerys asserted that they had not discovered that Vargo was aware of and concealed the basement's flooding problem when they filed their original complaint on October 20, 2014.

{¶18} In its judgment entry, the trial court stated that the Montgomerys' argument that they were not aware of Vargo's knowledge about the basement's flooding problem until January 28, 2015, was not sufficient to defeat res judicata. This statement — that newly discovered evidence of a concealed defect would not defeat the application of res judicata — is not accurate.

{¶19} A previously undiscovered claim arising from newly discovered facts is not barred by the doctrine of res judicata. In *Stand Energy Corp. v. Ruyan*, 1st Dist. Hamilton No. C-050004, 2005-Ohio-4846, the First District explained that "[i]n the absence of changed circumstances or newly discovered grounds for relief, the trial court correctly held that res judicata barred [appellant's] attempt to relitigate [its claim] against [appellee.]" *Id.* at ¶ 15, citing *State ex rel. Westchester Estates, Inc. v. Bacon*, 61 Ohio St.2d 42, 45, 399 N.E.2d 81 (1980) (the doctrine of res judicata and the doctrine of collateral estoppel will not bar litigation of an issue in a later action where "there has been a change in the facts in a given action which either raises a new material issue, or which would have been relevant to the resolution of a material issue involved in the earlier action[.]"); *see Dinks II Co. v. Chagrin Falls Village Council*, 8th Dist. Cuyahoga No. 84939, 2005-Ohio-2317, ¶ 25, citing *Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 11th Dist. Geauga No. 2003-G-2530, 2004-Ohio-5310, ¶ 46 ("in order to avoid the application of res judicata, [appellee] was required to establish a change that raised a new material issue relating to its second variance application or a change relevant to the resolution of a material issue involved in the original petition.").

{¶20} Thus, res judicata would not bar a claim that is based on newly discovered evidence of a concealed defect. If the Montgomerys' assertion were true — that after they filed the original complaint in October 2014, they discovered that Vargo had knowledge of and concealed the basement's flooding problem — then their claims for fraud and fraudulent inducement would not be barred by res judicata because they would

not arise until discovery.

**{¶21}** But the record reflects that the Montgomerys were aware of the flooding problems shortly after they moved into the house. *See* Complaint at ¶ 16 ("[s]hortly after moving into the property, the [Montgomerys] began to experience severe problems related to water infiltration in their basement."). Accordingly, the claims the Montgomerys asserted in the second complaint were not newly discovered.

**{¶22}** In light of the above, res judicata barred this action, and the Montgomerys' sole assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

KATHLEEN ANN KEOUGH, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR