[Cite as *Novak, L.L.P. v Professional Solutions Ins., Co.*, 2024-Ohio-1978.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

NOVAK LLP, ET AL.,                          :

    Plaintiffs-Appellants,          :

                                  No. 113040

    v.                              :

PROFESSIONAL SOLUTIONS            :
INSURANCE COMPANY,

    Defendant-Appellee.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART AND REVERSED
                 IN PART
**RELEASED AND JOURNALIZED:** May 23, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-939819

---

### *Appearances:*

Sammon Law, LLC and Colin P. Sammon, and NOVAK
LLP, and William J. Novak, *for appellants.*

Eastman & Smith Ltd., Rudolph A. Peckinpaugh, Jr., and
Jared J. Lefevre, *for appellee.*

EMANUELLA D. GROVES, J.:

**{¶ 1}** Plaintiffs-appellants Novak LLP,[1] William Novak, and Thomas C. Pavlik (collectively, "appellants") appeal the trial court's decision granting defendant-appellee's Professional Solutions Insurance Company ("PSIC") motion for summary judgment. Upon a thorough review of the record and applicable law, we affirm the trial court's decision in part and reverse in part.

## Facts and Procedural History

**{¶ 2}** This is the third matter before this court regarding a policy dispute between the parties. The procedural history and facts are quite extensive. The previous litigation stemmed from an Attorney Shield Professional Liability Insurance Policy (the "policy") that Novak LLP purchased from PSIC in June of 2013. Novak LLP submitted two separate claims under the policy for two malpractice lawsuits filed against it, i.e., *Skoda Minotti v. Novak, Pavlik & Deliberato, LLP, et al.*, Cuyahoga C.P. No. CV-13-810085 ("*Skoda Minotti*") and *Latina v. Novak, Robenalt & Pavlik LLP, et al.*, Cuyahoga C.P. No. CV-15-838548 ("*Latina*").

**{¶ 3}** The policy called for Novak LLP to pay a $10,000 deductible. After Novak LLP failed to pay the deductible in *Skoda Minotti*, PSIC commenced a lawsuit against Novak LLP, William Novak, Thomas C. Pavlik, and Matthew D. Deliberato (the "Novak defendants") for payment of the deductible on August 16, 2016, in

---

[1] Novak, LLP was formerly known at different times as Novak, Pavlik & Deliberato, LLP and Novak, Robenalt and Pavlik LLP. For ease of discussion, we will refer to the firm as Novak, LLP.

Cuyahoga C.P. No. CV-16-867801 ("CV-16-867801"). On May 19, 2017, the Novak defendants filed their first amended answer and counterclaim alleging breach of contract, unjust enrichment, and requesting declaratory judgment. On November 27, 2017, after extensive pretrial pleadings, they filed a motion for leave to file a second amended answer and counterclaim instanter to add the affirmative defenses of recoupment and setoff citing the supplementary payment provision in the policy. The motion also included, "as a direct and proximate result of plaintiff's multiple breaches of contract; defendants suffered damages, including but not limited to the loss of the benefit of the bargain, payment of unnecessary insurance premiums, legal fees, loss of earnings, which are uncompensated, and any and all costs associated with *Skoda Minotti* as well as the *Latina* case." CV-16-867801, second amended answer and counterclaim ¶ 41.

{¶ 4} On December 7, 2017, the trial court denied the motion as untimely because the case was already scheduled for trial and amended pleadings would prejudice PSIC. On February 13, 2018, a bifurcated jury trial commenced. On February 19, 2018, the Novak defendants filed a motion for leave to amend the counterclaim pursuant to Civ.R. 15(B), which stated in part, "[T]he evidence at trial has demonstrated that PSIC owed the loss of earnings to the defendant firm based upon the supplementary payments clause above, but PSIC never paid nor so much as offered it. Therefore, defendants move to amend the counterclaim to add this breach of contract claim based upon plaintiff' PSIC's failure to pay or offer the loss of earnings as is clearly required by the policy." CV-16-867801, motion to conform

to the evidence. Additionally, the Novak defendants claimed PSIC pursued the case in bad faith. *Id.* The trial court denied the motion.

{¶ 5} On February 21, 2018, the jury returned verdicts in PSIC's favor on the breach-of-contract claim and against the Novak defendants on their counterclaims. On February 22, 2018, the second part of the trial commenced regarding PSIC's claim for legal fees under the policy and other expenses. The jury ultimately awarded PSIC $113,379: $10,000 for the deductible and $103,379 to reimburse PSIC for outside expenses as required under the policy. The Novak defendants appealed the jury verdicts and among other assignments of error, claimed the trial court erred when it denied their motion to amend the counterclaim to conform to the evidence. *Professional Solutions Ins. Co. v. Novak, L.L.P.*, 8th Dist. Cuyahoga No. 107028, 2020-Ohio-4829 ("*Prof'l Sols*"). This court overruled the assignment of error and found "the trial court did not abuse its discretion when it denied Novak's motion to amend the pleadings to conform to the evidence where Novak failed to produce sufficient evidence to sustain the proposed cause of action." *Id.* ¶ 44, citing *Palker v. Huntington Natl. Bank*, 8th Dist. Cuyahoga No. 70975, 1997 Ohio App. LEXIS 1526, 18 (Apr. 17, 1997).

{¶ 6} Subsequently, on November 2, 2020, the appellants in this case initiated a breach-of-contract complaint in Cuyahoga C.P. No. CV-20-939819.

{¶ 7} On December 7, 2020, appellants amended the complaint to add William J. Novak as a plaintiff and raised the following claims.

{¶ 8} Count 1, specific performance in the amount of $5,200, which included $4,500 for Perlmuter's appearances in the *Skoda Minotti* case and $750 for Pavlik's appearances in the *Latina* case; Count 2, anticipatory breach in amount of $5,200 in anticipation PSIC would improperly claim a *res judicata* defense; and Count 3, abuse of process in excess of $25,000 for economic and noneconomic damages for proceeding in collection of deductible with ulterior purpose designed to punish, harass, and maliciously injure appellants.

{¶ 9} On December 7, 2020, PSIC filed its answer to the original complaint. Subsequently, PSIC filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on December 21, 2020. The trial court ordered the motion to dismiss be converted to a motion for summary judgment on April 19, 2021, and granted PSIC until May 14, 2021, to supplement its motion to comply with Civ.R. 56. Appellants were given until June 14, 2021, to file a supplemental brief in opposition and requested and were granted an extension until June 30, 2021, to do so. PSIC supplemented the record by filing the transcript from the prior case, Case No. CV-16-867801, and certified copies of all relevant filings. Appellants did not file a supplemental brief.

{¶ 10} The trial court granted PSIC's motion for summary judgment on July 3, 2023, finding that there were no genuine issues of material fact, that appellants' claims were precluded and estopped, and that PSIC was entitled to judgment as a matter of law.

{¶ 11} Appellants appeal the trial court's judgment and raise the following assignments of errors for this court's consideration.

## Assignment of Error No. 1

The trial court erred by granting appellee's motion for summary judgment on the grounds of estoppel.

## Assignment of Error No. 2

The trial court erred in granting appellee's motion for summary judgment without addressing the abuse of process claim.

## Law and Analysis

{¶ 12} For ease of analysis, we will address the assignments of error together. We first note that our review of summary judgment is de novo. *Johnson v. Cleveland City School Dist.*, 8th Dist. Cuyahoga No. 94214, 2011-Ohio-2778, ¶ 33. In a de novo review, "we afford no deference to the trial court's decision and independently review the record to determine whether [the denial of] summary judgment is appropriate." *Id.* at ¶ 53, citing *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.).

{¶ 13} To begin, summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). Summary judgment is proper where

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor.

*Bohan v. McDonald Hopkins, L.L.C.*, 8th Dist. Cuyahoga No. 110060, 2021-Ohio-4131, ¶ 19, citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998).

{¶ 14} "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales*, 8th Dist. Cuyahoga No. 106448, 2018-Ohio-5171, ¶ 17, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the movant satisfies the initial burden, then the nonmoving party has the burden to set forth specific facts that there remain genuine issues of material fact that would preclude summary judgment. *Id.* A trial court's grant of summary judgment is reviewed de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 15} Here, the issue is whether there are genuine issues of material fact that the claims brought by appellants are estopped from further litigation, specifically whether claims for supplemental payments regarding the *Skoda Minotta* and *Latina* malpractice cases and the claim for abuse of process are barred. We find the claims for supplemental payments for the *Skoda Minotta* case and abuse of process are barred from further litigation. However, the supplemental payment claim for *Latina* is not barred.

{¶ 16} The finality of decisions is ensured by the doctrine of res judicata. *AJZ's Hauling, L.L.C. v. Trunorth Warranty Programs of N. Am.*, Slip Opinion No. 2023-Ohio-3097, ¶ 15. It stops a party from relitigating the same issue or claim that

has already been decided in a final, appealable order or a valid final judgment in a previous proceeding where that ruling could have been raised on appeal to that previous proceeding. *Id.* The doctrine of res judicata as applied in Ohio encompasses both claim preclusion and issue preclusion. *Id.* ¶ 16. Under claim preclusion, "'[a] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.'" *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995) quoting *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph one of the syllabus. Issue preclusion, in contrast, prevents "'relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies.'" *State ex rel. Peterson v. Miday*, 8th Dist. Cuyahoga No. 112792, 2023-Ohio-2963, ¶ 4 quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, citing *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998).

{¶ 17} In the instant case, both claim preclusion and issue preclusion apply. We will begin by examining the claim preclusion aspects of the case.

{¶ 18} Claim preclusion applies when

> (1) a court of competent jurisdiction rendered a valid final judgment on the merits in an earlier action, (2) the second action involves the same parties or their privies; (3) the second action raises claims that were or could have been litigated in the first cause of action, and (4)

the second action arises out of the same transaction or occurrence that was the subject of the first action.

*Lycan* at ¶ 23, quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir.1997).

{¶ 19} The question is whether the previous litigation in *Prof'l Sols* prevents Novak LLP from pursuing any of the claims in the current litigation. First, the decision in *Prof'l Sols. Ins. Co. v. Novak, L.L.P.*, 8th Dist. Cuyahoga No. 108839, 2020-Ohio-4829, satisfies the final judgment element of claim preclusion. A valid final judgment was rendered on the merits of PSIC's claim against Novak LLP for the deductible and collection of legal fees arising from the *Skoda Minotta* malpractice case.

{¶ 20} The second element, that the current litigation involves the same parties as the previous litigation is also satisfied. All the parties in this case were parties in *Prof'l Sols*. The third element requires a finding that the second action raises claims that were or could have been raised in the first cause of action. Notably, in *Prof'l Sols*., the Novak defendants unsuccessfully attempted to raise a claim for breach-of-contract for the supplemental payments provision under the policy by a motion for leave to file an amended complaint and counterclaim shortly before trial. This motion was denied by the trial court as untimely. After trial commenced, the Novak defendants attempted unsuccessfully to raise the claim again along with an abuse-of-process claim in a motion to amend the counterclaim to conform to the evidence introduced at trial. The trial court denied that motion because Novak failed to produce evidence that stated the amount of time Perlmuter

spent at trial. On appeal, this court agreed and found that the trial court properly denied the motion to conform to the evidence but on different grounds. We found that Novak did not submit sufficient evidence at trial to satisfy the elements of a breach-of-contract claim, specifically, Novak failed to establish they performed on the contract and that PSIC breached the contract. *Prof'l Sols.*, at ¶ 42. Our finding that the Novak defendants failed to establish the elements of a breach-of-contract claim regarding the supplemental payments provision of the policy impacts the claim the appellants raise here. In other words, appellants had the opportunity to present evidence of breach of contract in the original action but failed to meet their burden of production. Accordingly, the issue was raised in the original action and could have been addressed, meeting the third requirement of res judicata.

{¶ 21} Additionally, in their abuse-of-process claim, appellants alleged that PSIC pursued impermissible claims in CV-16-867801 by suing members of Novak LLP individually and seeking enforcement of the outside expense provision in the policy. The trial court awarded PSIC over $100,000 on the outside expenses provision under the policy. Appellants could have raised the claim of abuse-of-process along with the appellants' other defenses, which they vigorously defended. Ultimately, we rejected the trial court's award of outside expenses to PCIS on appeal. The abuse-of-process claim was fully cognizable in the original case and should have been pursued by appellants at that time.

{¶ 22} Interestingly, appellants argue that PSIC has failed to demonstrate the supplemental payment claim was previously litigated because they are unable to

produce a journal entry that specifically identifies this claim. This argument is rejected. Appellants have failed to cite any case that requires the journal entry must specifically identify every claim litigated.

{¶ 23} Finally, the fourth element is whether the second action arises out of the same transaction or occurrence that was the subject of the first action. "The term 'transaction' may be broader than 'occurrence'" *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 490, 756 N.E.2d 657 (2001). Transaction has been defined as "to encompass events, which arise from a 'common nucleus of operative facts'" *Id.*, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). Interestingly, appellants argue that the supplemental payment claim did not arise out of the same transaction because it was not ripe, despite this court's finding that they essentially failed to meet their burden of production on that claim. Appellants' lack-of-ripeness argument ignores this court's previous ruling. Accordingly, this argument is without merit and is rejected. Undeniably, the supplemental payment claim and abuse-of-process claim arise from the nexus of the *Skoda Minotta* malpractice case. This malpractice case is also the nexus of *Prof'l Sols*. Therefore, the fourth element of claim preclusion is satisfied. Consequently, PSIC has met its burden that there is no genuine issue of a material fact in dispute and that Appellants' claims arose from the *Skoda Minotta* malpractice case, which is the nexus of *Prof'l Sols*. Consequently, all four elements of claim preclusion are satisfied.

{¶ 24} Accordingly, the trial court's decision granting summary judgment on appellants' claims for supplemental payment from the *Skoda Minotta* malpractice case and abuse of process is affirmed.

{¶ 25} We now turn to appellants' claim for supplemental payments from the *Latina* case and whether it is barred by issue preclusion. Under res judicata, issue preclusion "holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Pisani v. Pisani*, 8th Dist. Cuyahoga No. 78744, 2001 Ohio App. LEXIS 1309 at 6 (Mar. 22, 2001), citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph three of the syllabus; *Trautwein v. Sorgenfrei*, 58 Ohio St.2d 493, 391 N.E.2d 326 (1979), syllabus; *Goodson v. McDonough Power Equip. Inc.*, 2 Ohio St. 3d 193, 443 N.E.2d 978 (1983), paragraph one of the syllabus.

{¶ 26} Here, *Latina* was a separate malpractice action. PSIC's claim in *Prof'l Sols* dealt with the representation and deductible in *Skoda Minottta*. *Prof'l Sols* had nothing to do with *Latina*. There is no mention of *Latina* in the pleadings of *Prof'l Sols*, except when the Novak defendants unsuccessfully attempted to file a second amended answer and counterclaim. Whether appellants were entitled to supplemental payments under the policy for Pavlik's appearance in *Latina* was never addressed in *Prof'l Sols*. PSIC's argument that appellants' claim for supplemental payments is barred by res judicata because both the *Skoda Minotta*

and *Latina* malpractice cases arose from the same policy is without merit. This position unduly broadens the term of occurrence or transaction. The facts in *Latina* arose from a separate malpractice lawsuit. *Prof'l Sols* addressed the *Skoda Minotta* malpractice suit only. Appellants' claim for supplemental payments from *Latina* has never been litigated. Therefore, the trial court erred when it found that there was no genuine issue of a material fact regarding appellants' claim for supplement payments in *Latina*. That claim is not barred by res judicata.

{¶ 27} Based on the foregoing, appellants' assignments of error are overruled with respect to the claims of supplemental payments in *Skoda Minotta* and the claim of abuse of process but sustained as to the claim for supplemental payments in *Latina*.

{¶ 28} Judgment affirmed in part and reversed in part.

It is ordered that appellants and appellees split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MARY EILEEN KILBANE, P.J., and
MICHAEL JOHN RYAN, J., CONCUR